(December 26, 1892.)

## PICOTTE v. WATT, COUNTY TREASURER, ET AL.

[31 Pac. 805.]

WHEN EQUITY CANNOT BE INVOKED.—1. When the statute provides a plain, speedy, and adequate remedy it must be pursued. The fact that such a proceeding imposed great inconvenience cannot be urged as a reason for the interposition of equity.

ALLEGATION OF FRAUD.—2. A simple allegation of fraud and illegality in the action of the board of commissioners, without the statement of any facts constituting the fraud or illegality, is insufficient.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

A. F. Montandon, for Appellant.

Corporate powers cannot be enlarged by by-laws and ordinances. (*Thompson v. Roe*, 22 How. 422; *Katzenberger v. Aberdeen*, 121 U. S. 172, 7 Sup. Ct. Rep. 947.) When a particular method of exercising any corporate power of a municipality is prescribed by statute, no other can be adopted. (*Anthony v. Jasper Co.*, 101 U. S. 697; *Ogden v. Daviess Co.*, 102 U. S. 637; *Wells v. Supervisors*, 102 U. S. 625; *Kelly v. Multnomah Co.*, 18 Or. 356, 22 Pac. 1110.) Whenever equitable grounds— such as irreparable injury, multiplicity of suits, fraud, etc.— intervene, equity will intervene. (*Dow v. City of Chicago*, 11 Wall. 108.)

Bruner & Parsons, for Respondents.

Courts of equity will not lend their aid in preventing alleged wrongs when the ordinary legal tribunals are capable of affording sufficient relief. (1 High on Injunctions, sec. 28, and cases cited.) And it must appear that plaintiff has no remedy at law that would be complete. (*De Witt v. Hays*, 2 Cal. 463, 56 Am. Dec. 352; *Lupton v. Lupton*, 3 Cal. 120; *Tomlinson v. Rubio*, 16 Cal. 203; *Leach v. Day*, 27 Cal. 644.) If not shown the complaint is demurrable. (*Wingfield v. McLure*, 48 Ark.

510, 3 S. W. 439; 1 High on Injunctions, secs. 28, 230; *Murphy v. Harbison,* 29 Ark. 340.) Injunction will not lie when statute provides a remedy. (*Brown's Appeal,* 66 Pa. St. 155; *Hammersly v. Turnpike Co.,* 8 Phila. 314.) When a party by laches has lost his remedy, equity will not interfere. (*Wilkerson v. Walters,* 1 Idaho, 564; *Hazard v. Cole,* 1 Idaho, 301; *Sedam v. Williams,* 4 McLean, 51, Fed. Cas. No. 12,609; *Long v. Smith,* 39 Tex. 160.) Injunction will not be granted on mere allegations of irreparable injury; the facts must appear. (*Hale v. Railroad Co.,* 23 W. Va. 454; 1 High on Injunctions, sec. 34.)

HUSTON, J.—Plaintiff brings this action to restrain the payment by the treasurer of Alturas county of certain warrants issued upon the treasury of said county by the board of commissioners thereof, upon the alleged ground that such warrants were fraudulently and illegally "allowed, audited and registered." The warrants are described by number, amount, date and name of person to whom issued. While there is no statement in the complaint, in direct terms, of any facts constituting the alleged fraud, illegality in the allowance of the accounts, or claims for which the warrants were issued, it is fairly inferable from the allegations of the complaint that a large part, if not all, of the claims upon which said warrants were issued were so issued upon and in payment of claims against Alta county. The legislature of the state of Idaho, at its first session, by an act passed on March 3, 1891, undertook to create the counties of Alta and Lincoln out of the then territory of the counties of Alturas and Logan. This act of the legislature was subsequently declared to be unconstitutional by the supreme court of the state. Now, whether the claims accruing against Alta county during the time intervening between the passage of the act organizing that county and the decision of the supreme court, pronouncing the same void, were properly chargeable and allowable against Alturas county, is a question we are not, under our view of this case, at this time called upon to decide. The defendants filed a general

demurrer to plaintiff's complaint, which was sustained by the district court. The plaintiff declining to answer, judgment was rendered for defendants, and from such judgment plaintiff appeals to this court.

The sole question before us is that raised by the demurrer to the complaint. It is contended by respondents that, if the plaintiff desired to contest the allowance of the claims upon which the warrants in question were issued, the means and method for reaching that result are amply provided by section 1776 of the Revised Statutes of Idaho, and that, having neglected to avail himself of such remedy, he is debarred from invoking the aid of equity. Section 1776 of the Revised Statutes of Idaho is as follows: "An appeal may be taken from any order, decision or action of the board, while acting in an official capacity, by any person aggrieved thereby, or by any taxpayer of the county, where any demand is allowed against the county, or when he deems any order, decision or action of the board illegal or prejudicial to the public interests." This statute would seem to cover entirely the case presented by the plaintiff in his complaint. But it is urged by plaintiff that to have taken an appeal in each of the cases enumerated in the complaint would have subjected him to great trouble and inconvenience. This may be unfortunate for plaintiff and those he represents, but it furnishes no excuse for the court to set aside a rule so generally recognized, and repeatedly iterated by this court, as that equity may not be invoked where the party has a complete and adequate remedy at law. Counsel for appellant contends that, as the claims alleged to have been illegally allowed are numerous, and were allowed at different times, a resort to the remedy provided by the statute would have involved the institution of a multiplicity of suits, and therefore it is permissible for him to resort to equity in the first instance, notwithstanding the remedy provided by statute. This is only another phase of the contention just disposed of, and, if recognized, would involve the like consequences. The statutory remedy being complete and adequate, the plaintiff

must resort to it; and having shown no reason for not doing so, arising from any acts of defendants, he is precluded from invoking the aid of equity. While the general charge of fraud and illegality in the allowance of the claims upon which said warrants were issued is repeated frequently in the complaint, in no single instance are the—or any—facts constituting such alleged fraud or illegality specifically set forth, or set forth at all. . The demurrer was properly sustained. The judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Morgan, J., concur.