(February 6, 1893.)

ROGERS v. HAYS ET AL., COUNTY COMMISSIONERS OF BING-HAM COUNTY.

[32 Pac. 259.]

PRACTICE—WRIT OF REVIEW.—Writ of review does not lie from the action of a board of county commissioners, the statute having provided a speedy and adequate remedy by appeal.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Hawley & Reeves, for Appellants.

The question here is, Did the board of county commissioners of Bingham county have power to remit or cancel taxes at their January meeting in 1892? If they had such power, no matter how much to the disadvantage of the county was their

exercise of such power, this action could not be maintained. If the board had jurisdiction but decided wrongly, *certiorari* will not lie. (*People v. Burney,* 29 Cal. 459; *Barbar v. San Francisco,* 42 Cal. 630; *People v. Dwinelle,* 29 Cal. 635; *Yennoine v. Richter,* 43 Cal. 312; *Reynolds v. County Court,* 47 Cal. 312; *Monreal v. Bush,* 46 Cal. 79.) Nor will it lie merely from default of jurisdiction. (*Fowler v. Lindsay,* 3 Dall. 411.) The writ of *certiorari* when applied for by a party is not a writ of right, but is discretionary with the court. (*Ex parte Hitz,* 111 U. S. 766, 4 Sup. Ct. Rep. 698; *Keys v. Morin Co.,* 42 Cal. 252; *People v. Andrews,* 57 N. Y. 445; *Specht v. Detroit,* 20 Mich. 168.) The issuance of the writ therefore must be based upon an order made in open court and incorporated in the minutes of the court, or upon a written order signed by the judge and duly filed, or by an indorsement on the writ itself to the effect that it was allowed by the court, or by the signature of the judge himself to the writ. (*Mott v. Commissioners, etc.,* 19 Wend. 640; 2 Crary's New York Practice, 257, 258; 2 Burrell's Practice, 195, 196.) *Certiorari* does not lie when an appeal, writ of error, or other mode of review is given. (*Millikin v. Huber,* 21 Cal. 166; *Bennett v. Wallace,* 43 Cal. 25; *Faut v. Mason,* 47 Cal. 7; *People ex rel. Huston v. Lindsay,* 1 Idaho, 394; *Reilly v. Tyng,* 1 Ariz. 510, 25 Pac. 798; *Edgar v. Greer,* 14 Iowa, 211; *Peacock v. Leonard,* 8 Nev. 247; *Hauser v. State,* 33 Wis. 678.) The writ of *certiorari* should not be allowed where the purpose is to enable a party to recover back taxes by a reversal of the proceedings. (*People v. Commissioners,* 43 Barb. 494; *People v. Reddy,* 43 Barb. 539; *Storm v. Odel,* 2 Wend. 287.) A writ of *certiorari* will not be allowed where another direct remedy (e. g., by appeal) is given. (*In re Mount Morris Square,* 2 Hill, 14; *People ex rel. Cook v. Nearing,* 27 N. Y. 306; *Witkowski v. Skalowski,* 46 Ga. 41.) A writ of *certiorari* will not lie where there is an appeal. (*Sturgis v. Shepard,* 28 Cal. 115.)

Smith & Smith, for Respondent.

No brief filed.

HUSTON, C. J.—This is an appeal from a judgment of the district court for Bingham county, setting aside and vacating an order made by defendants, the board of county commissioners of said Bingham county, on the fifteenth day of January, 1892, by which said board canceled and remitted taxes assessed against the Union Pacific Railway Company, for the year 1891, amounting to the sum of $15,566.95, and costs $1,557.19.

The case as presented by the record is as follows: On January 15, 1892, said board of commissioners made and entered the following order, to wit: "It is the opinion of this board of commissioners, that the delinquent taxes of the Union Pacific Railway Company, amounting to $15,566.95, and costs amounting to $1,557.19, cannot be collected; it is ordered that said taxes and costs be, and the same are hereby, canceled; the yeas and nays being taken, Hayes and Breckenridge voted yea, and Garletz voted nay." On the sixteenth day of January, 1892, plaintiff filed in the office of the clerk of the district court, for Bingham county his application for a writ of review. On said sixteenth day of January, the clerk of said court issued said writ as prayed for, directed to defendants as the said board of county commissioners of said Bingham county, which was duly served. The return shows simply the order of the board as above given, made on January 15, 1892. On January 19, 1892, the defendants filed their motion to quash the writ of review, and also filed at same time a demurrer to the writ. On the twentieth day of January, 1892, the district court made and entered the following judgment in said cause: "On this day the above cause came on to be heard upon the writ and return thereto, and the demurrer interposed by defendants to the writ of review, and upon the motion to quash said writ, and upon argument by James H. Hawley, special district attorney on behalf of the defendants, and H. W. Smith, on behalf of the plaintiffs, it was ordered that the demurrer to said writ be overruled, and that the motion to quash the writ of review is denied, and it appearing that the order of the board of commissioners made on the fifteenth day of January, 1892, remitting and canceling the amount of unpaid taxes due from

the Union Pacific Railway is void. It is therefore ordered that the said order of said board, and the whole thereof, be set aside, vacated, and held for naught. It is further ordered that a. copy of this order be served on the clerk of the board of county commissioners of Bingham county." From this judgment de- fendants appeal to this court.

Various grounds are alleged in the motion to quash the writ of review, and the demurrer to the writ. It is necessary to consider but one for the purposes of this decision. Sec- tion 4962 of the Revised Statutes of Idaho of 1887 is as fol- lows: "A writ of review may be granted by any court except a probate court or justice court, when an inferior tribunal,. board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

The territorial supreme court of Idaho in *Rupert v. Board of Commissioners,* 2 Idaho, 19, 2 Pac. 718, decided that "the board of county commissioners is not a court, has no judicial functions or power, and cannot be vested therewith." We know of no reason why that decision is not good law still in the state of Idaho. With this view of the law it must be ap- parent that a board of county commissioners is not one of the "tribunals, board or officer" referred to in section 4962, to which a writ of review may issue. Again, section 4962 pro- vides that the writ of review shall issue in those cases only where "there is no appeal."

Now, section 1776 of the Revised Statutes of Idaho of 1887 is as follows: "An appeal may be taken from any order, decision or action of the board (board of county commissioners), while acting in an official capacity, by any person aggrieved there- by, or by any taxpayer of the county where any demand is al- lowed against the county, or when he deems any order, de- cision or action of the board illegal or prejudicial to the pub- lic interests." Here, then, was provided by express statute a speedy and adequate remedy for the wrong perpetrated by the board of county commissioners of Bingham county upon the taxpayers of that county by the order entered on January 15,.

1892, and by which action of said board over $17,000 was taken from the taxpayers of said county and donated to a corporation.

Why was not this remedy adopted? The statute is plain and unequivocal, and the supreme court of Idaho in *Picotte v. Watt,* ante, p. 447, 31 Pac. 805, held distinctly that appeal was the only means by which relief could be had from the action of a board of county commissioners. In the case of *Picotte v. Watt, supra,* an excuse was offered for not resorting to the statutory remedy, but in the case at bar not only is there no excuse or reason offered, but we can conceive of none that could be seriously. The application for the writ of review was made the day after the order was entered by the board, so it cannot be urged that there was not time to take the appeal within the period limited by the statute.

We are not permitted to presume that the learned counsel who represented the plaintiff in the court below (no counsel appeared for plaintiff in this court, nor were any briefs filed in his behalf here) was not conversant with the statutes of our state and the rulings of this court. We must admit that we are entirely at loss to understand why in so important a matter, the plain provisions of the statute were overlooked and the interests of the taxpayers of Bingham county at least jeopardized to such an amount. The action of the board of county commissioners in this matter is another evidence that in Idaho the interest and welfare of the people is not a subject the intense consideration of which will be at all likely to produce insomnia with the average commissioner.

We do not know upon what law, or by what authority, the board acted in canceling the $17,000 and upward of taxes regularly assessed against the Union Pacific Railway. The board was not acting ac a board of equalization. The taxes had become delinquent. If it is claimed that the board acted in accordance with instructions from the state board of equalization, we say this court, on the twelfth day of December, 1891, more than a month prior to the making of the order of cancellation by the board, had decided in the case of *Orr v. State Board of Equalization,* ante, p. 190, 28 Pac. 416, that said

board had no power to reduce the assessments of railroad property made by the county assessor. It really appears as though the interests of the taxpayers had been "lost in the shuffle" in this proceeding.

The district court in its zeal for the right, and its desire to defeat a most palpable wrong upon the people of Bingham county, overlooked the provisions of law by which the case must be governed, and has thereby imposed upon this court the distasteful duty of making a decision which of necessity does not involve the merits of the case. The board say: "It is the opinion of this board of commissioners that the delinquent taxes of the Union Pacific Railway Company, etc., cannot be collected." Upon what evidence this opinion of the board was predicated, or what potent arguments were brought to bear upon the board to induce them (or a majority of them) to reach such a conclusion, does not appear by the record, and is wholly a matter of conjecture, but surely the reasons must have been convincing that would induce a board of county commissioners to take $17,000 from the taxpayers of their county and donate it to a corporation, when such action on the part of the board was in direct contravention of a decision of the supreme court of the state. Verily, this is a sort of official charity not included in the category of St. Paul, and the recognition of which will strain the piety of the taxpayers of Bingham county fearfully.

For the reasons above given, the order and judgment of the district court is reversed, with costs to appellant.

Morgan and Sullivan, JJ., concur.