Morgan, C. J., and Sullivan, J., concur.

(April 6, 1895.)

## MORGAN v. COUNTY COMMISSIONERS OF KOOTENAI COUNTY.

[39 Pac. 1118.]

PRACTICE—JURISDICTION IN EQUITY—APPEAL FROM ORDER OF COUNTY
COMMISSIONERS.—When order for the issuance and sale of bonds
has been made and entered of record by the board of county com-
missioners of any county, proceedings in equity to restrain the
issuance and sale of such bonds in pursuance to such order will
not lie, the court having no jurisdiction in equity, where there
is a plain, speedy and adequate remedy at law, by appeal from
the order of the board.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Keat & Fogg and Fred L. Burgan, for Appellant.

This suit was brought for the purpose of restraining the defendant, board of county commissioners, from issuing and disposing of certain bonds to the amount or eighty thousand dollars, and to restrain the payment to one George B. McAuley of $3,200 as commission for the negotiation and sale of said bonds. Said bonds were proposed to be issued for the purpose of refunding the outstanding indebtedness of the county of Kootenai. The board of county commissioners did not submit the question of the issuing of said bonds to the qualified electors of said county, nor was the sale of said bonds ever authorized by a vote of the qualified electors of said county, in direct violation of the provisions of section 15 of article 7 of the constitution. Section 3, article 8 of the constitution provides that no debt shall be created without such vote.

Albert Hagan and Charles L. Heitman, for Respondents.

The record shows that the order of the board complained of was made on the third day of May, 1892, and no appeal was ever taken therefrom by the plaintiff. The order was an appealable one, and plaintiff had a complete remedy at bar, and could have been heard upon the law side of the court by an appeal to the district court. (Rev. Stats., sec. 1776.) The statute having provided a plain, speedy and adequate remedy at law, the plaintiff has no standing in a court of equity. The court had no jurisdiction of the case. (Rogers v. Hayes, 3 Idaho, 597, 32 Pac. 259; Rupert v. Board, 2 Idaho, 69, 2 Pac. 718; Van Camp v. Board, 2 Idaho, 29, 2 Pac. 721.) Section 3, article 8 of the constitution does not refer to any existing indebtedness, but refers to a limitation upon the power to create or incur an indebtedness in excess of the revenues raised, and then only upon a vote of the people. (People v. May, 9 Colo. 413, 12 Pac. 838; People v. Austin, 9 Colo. 138, 10 Pac. 641.)

MORGAN, C. J.—This suit was brought for the purpose of restraining the defendant, the board of county commissioners, from issuing and disposing of certain bonds to the amount of $80,000, and to restrain the payment to one George B. McAuley of $3,200, as commission for negotiation and sale of said bonds, which were proposed to be issued by said county for the purpose of re-

funding the outstanding indebtedness of the county of Kootenai, pursuant to and in accordance with the following order issued by the board of county commissioners, and entered of record in their proceedings, upon the second and third days of May, 1892, as follows, to wit: "In the matter of the sale of Kootenai county bonds: At this time the board proceeded to open bids on file from Farson, Leach & Co., and Lamprecht Brothers, George B. McAuley, and E. L. Mims, for the purchase of Kootenai county bonds heretofore advertised to be sold for the purpose of funding the outstanding indebtedness of said county, and the board, having duly considered said bids, took the matter of the acceptance of any of said bids under advisement. Tuesday, May 3d, 1892. Board met pursuant to adjournment, at 10 o'clock A. M. In the matter of the sale of Kootenai county bonds: The board having taken the bids for the purchase of Kootenai county funding bonds under advisement, and having duly considered the same, and being fully advised, it is now ordered that the bid of George B. McAuley be, and is hereby, accepted according to its terms; and the county of Kootenai agrees to place in escrow at the Kounts Brothers' Bank, in the city of New York, negotiable coupon bonds to the amount of not less than eighty thousand dollars ($80,000), including the amount owing by the county for the building of the county jail, to wit, five thousand five hundred dollars ($5,500), to be delivered to the said George B. McAuley, or to his order, upon the payment of the face value thereof to the credit of the county treasurer of this county; and when all of said bonds are so sold, and the money paid therefor as by the foregoing proposition and this acceptance provided, the said McAuley to receive the sum of four per cent on the amount so received as his commission from said county out of said proceeds, and the treasurer is to pay the same accordingly. Said McAuley is hereby required to deposit with the clerk of this board his check in the amount of $2,500, as security for the performance of this contract upon his part; said county hereby agreeing to have said bonds on deposit in said bank, duly executed, on or before the twentieth day of June, 1892, and to be dated April 1, 1892, as per order of this board made on March 2, 1892. Further ordered that the proposition of George B. McAuley, submitted at this time, to have

April, 1895.] Morgan v. County Commrs. Kootenai Co. 421

Opinion of the Court—Morgan, C. J.

said bonds prepared and lithographed for Kootenai county for the sum of $300, be, and the same is hereby, accepted. Further ordered that W. J. Pilling, chairman of this board, be, and is hereby authorized to attend the matter of the issuing of said bonds in behalf of Kootenai county." In this case the record shows that the orders complained of were made and entered on the third day of May, 1892, and appeal was not taken by the plaintiff or any other person. An appeal might and should have been taken to the district court from the orders so made. See section 1776 of the Revised Statutes, which reads as follows: "An appeal may be taken from any order, decision or action of the board, while acting in an official capacity, by any person aggrieved thereby, or by any taxpayer of the county where any demand is allowed against the county, or when he deems any order, decision or action of the board illegal or prejudicial to the public interests." This statute provides a plain, speedy, and adequate remedy at law. When such a remedy is provided by law, the plaintiff has no standing in a court of equity. The court has no jurisdiction of the case. (*Picotte v. Watt*, 3 Idaho, 447, 31 Pac. 805.) In the latter case, decided by this court December 26, 1892, the court uses this language: "The statutory remedy being complete and adequate, the plaintiff must resort to it, and having shown no reason for not doing so, arising from any acts of the defendants, he is precluded from invoking the aid of equity." The court having no jurisdiction in the application for the issuance of a restraining order to prevent the issuing and sale of these bonds in a suit of this kind, the suit should have been dismissed, and the party compelled to seek his remedy at law, by an appeal from the order of the board. It further appears from the brief of the appellant herein that this appeal had been taken with the single object of obtaining a decision of the court on the question of the construction of the constitution and statutes in regard to the right and power of the board of county commissioners to issue bonds for the payment of outstanding indebtedness, without first submitting the question to a vote of the qualified electors of the county. This question was fully considered and determined in the case of *Bannock Co. v. C. Bunting & Co.*, ante, p. 156, 37 Pac. 277.

The court having no jurisdiction in equity in this cause, it must be dismissed, and it is so ordered.

Huston and Sullivan, JJ., concur.