(May 22, 1905.)

## SCHOOL DISTRICT No. 25 v. RICE, TREASURER.
### [81 Pac. 155.]

APPEAL—EQUITABLE RELIEF NOT GRANTED WHEN.

1. The remedy for review of the action of a board of county commissioners in this state is by appeal from the order or act complained of under the provisions of section 1776, Revised Statutes. (Amended Sess. Laws 1899, p. 248.)

2. Equitable relief will not be granted where there is a plain, speedy and adequate remedy by appeal provided.

(Syllabus by the court.)

APPEAL from the District Court of Shoshone County. Honorable Ralph T. Morgan, Judge.

Action to restrain defendants from doing certain acts. Reversed.

The facts are stated in the opinion.

Henry P. Knight, for Appellant.

The court erred in overruling defendant's demurrer. "It is an elementary principle that the existence of a municipal corporation cannot be collaterally attacked." (1 Smith on Municipal Corporations, arts. 57-59; *People v. Maynard,* 15 Mich. 463; *Mendenhall v. Burton,* 42 Kan. 570, 22 Pac. 558; *State v. Town of Tipton,* 109 Ind. 73, 9 N. E. 704; *People v. Larue,* 67 Cal. 526, 8 Pac. 84; *Kuhn v. Port Townsend,* 12 Wash. 605, 50 Am. St. Rep. 911, 29 L. R. A. 445, 41 Pac. 923; *First Baptist Church v. Branhom,* 90 Cal. 22, 27 Pac. 60; *Osborne v. Village of Oakland,* 49 Neb. 340, 68 N. W. 506; *Speer v. Board of County Commrs.,* 88 Fed. 749, 766, 32 C. C. A. 101; *School Dist. v. State,* 29 Kan. 57; *Clement v. Everest,* 29 Mich. 19; *Donough v. Dewey,* 82 Mich. 309, 46 N. W. 782; *White v. Berry,* 171 U. S. 366, 18 Sup. Ct. Rep. 917, 43 L. ed. 199; *Shapleigh v. City of San Angelo,* 167 U. S. 646, 17 Sup. Ct. Rep. 957, 42 L. ed. 310; *Bateman v. Florida Commercial Co.,* 26 Fla. 423, 8 South. 51; *Bodman v. Drainage Commrs.,* 132 Ill. 439, 24 N. E.

630; *Atchinson etc. R. R. Co. v. Wilson,* 33 Kan. 223, 6 Pac. 281.)  *Quo warranto* is the proper remedy for testing the validity of the incorporation of either private or municipal corporations.  (*People v. Montecito Water Co.,* 97 Cal. 276, 33 Am. St. Rep. 172, 32 Pac. 236.)  In the state of Idaho a plain, speedy and adequate remedy is provided 'for respondents by statute.  (Rev. Stats. 1887, sec. 1776.)  When such a remedy is provided by law, plaintiff has no standing in a court of equity.  The court has no jurisdiction of the case.  (*Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805; *Morgan v. County Commrs.,* 4 Idaho, 418, 39 Pac. 1118; *Rogers v. Hays,* 3 Idaho, 597, 32 Pac. 259; *County of Ada v. Bullen Bridge Co.,* 5 Idaho, 188, 95 Am. St. Rep. 180, 47 Pac. 818, 36 L. R. A. 367.)

John P. Gray, for Respondent.

When the board of county commissioners or any other tribunal makes an order which it has no jurisdiction to make, that order or act may be attacked directly or indirectly, collaterally or otherwise, at any time, in any kind of an action whatsoever. The only act which cannot be attacked collaterally is an act which, though it may be irregular, is made by a tribunal which has acquired jurisdiction to make the order.  This court in the case of *Dunbar v. Board of Commrs. of Canyon County,* 5 Idaho, 407, 49 Pac. 409, has furnished the authority upon this question when it holds, "Where the action of the board in making an order is void, it may be attacked directly, indirectly or collaterally at any time or place."  (Spelling on Injunction and Other Extraordinary Remedies, sec. 712.)

STOCKSLAGER, C. J.—The plaintiff commenced its action in the district court of Shoshone county, alleging: 1. That it is, and has been since the eleventh day of October, 1898, a regularly organized school district in Shoshone county, Idaho. 2. That defendant Rice is a citizen and resident of Shoshone county and county treasurer of Shoshone county, state of Idaho. 3. That William T. Hooper is a citizen and resident of Shoshone county and assessor and ex-officio tax collector of said county. 4. That the defendants, W. H. Shaw, J. W. Rog-

ers and P. H. Blake, are citizens of the county of Shoshone, state of Idaho, residing near Greer, in said county, and pretending to act as trustees of a school district known as and called School District No. 38. 5. That on the eleventh day of October, 1898, the plaintiff was regularly and duly created by the board of county commissioners of the county of Shoshone, state of Idaho, as a school district to be known as and called School District No. 25, in the county of Shoshone, state of Idaho, and ever since said date has continued, and now continues, to exercise the functions of a school district according to the laws of the state of Idaho. (Then follows the boundaries, which it is alleged contain about twelve square miles.) 6. That heretofore, to wit, during the month of March, 1902, and prior to the 15th of March, 1902, George W. Casteel, Washington Bonner, and others, filed a petition with the county superintendent of public instruction for the creation and establishment of a new school district to be formed from territory within the boundaries of School District No. 25, in Shoshone county, state of Idaho, as aforesaid, which petition is in words and figures as follows, etc. (Here follows petition in usual form.) 7. That no notice of the filing of said petition was given by the county superintendent as required by the act of the legislature of the state of Idaho, approved February 6, 1899, entitled "An act to establish and maintain a system of free schools," by sending notice. Plaintiff further alleged that no notice by registered mail or otherwise was sent by the county superintendent to the trustees of School District No. 25 in Shoshone county, state of Idaho, or to any member thereof. That no printed notice was posted in at least three public places in the district so affected. That no notice, printed or otherwise, was posted on the door of the schoolhouse in said district for at least one week or for any length of time, or all. 8. That Reuben Dennis and other citizens and residents within the boundaries of School District No. 25, in Shoshone county, state of Idaho, having been advised that the petition for the division of said district had been filed on or before the fourteenth day of April, 1902, filed a remonstrance protesting and remonstrating against the creation of the proposed new

district, which remonstrance is in words and figures as follows: (Here follows a petition to the board of county commissioners praying that District No. 25 be divided no more at present, signed by Rueben Dennis and twenty others.) And thereafter the county superintendent of public instruction transmitted the said petition for the establishment of the proposed new district to the board of county commissioners with her disapproval. And thereafter at the regular quarterly meeting of the board at the regular April, 1902, term thereof and on the third day of said term, to wit, the sixteenth day of April, 1902, the board of county commissioners at Shoshone county took up the said petition for final action, and after considering the said petition and the said remonstrance, made an order in words and figures as follows, to wit: (The petition and remonstrance in the matter of new school district in the south end of the county were examined and tabled.) 9. That· at the regular April, 1902, meeting the boundaries of the said School District No. 25 were altered and a portion of the territory within said School District No. 25, in Shoshone county, was attached to School District No. 24 in said county and state, leaving the boundaries of School District No. 25 as follows: (Then follows description of the district.) 10. That thereafter at the regular July meeting of the board of county commissioners, on the twenty-fifth day of July, 1902, the board of county commissioners of Shoshone county, again took up for reconsideration the petition aforesaid and granted the same, the order of the board being in words and figures as follows, to wit: The petition of Washington Bonner and others for the establishment of a new School District No. 38 was examined and granted and it was ordered that School District No. 38 be and the same hereby is established with boundaries as follows: (Here follows a description of District No. 38.) 11. That no other petition was filed on or before the fifteenth day of the month preceding the regular July meeting of the board, and no petition was filed at any time asking for the creation of said pretended School District No. 38, except the petition hereinbefore set forth and referred to. Plaintiff further alleges that no notice was given by the county superintendent

of the receipt of any petition, and no notice by registered mail was sent to each and all or any of the trustees of School District No. 25 in Shoshone county, state of Idaho, which was the district to be affected by the proposed change, and no printed notices were posted in at least three public places or in any public place, or at all, in the said District No. 25, so affected, nor was any printed or other notice posted on the door of the schoolhouse in said district for at least one week, or for any length of time prior to the July meeting of the board of county commissioners, or at any other time or at all. Plaintiff further alleges that the only petition acted upon by the board of county commissioners in creating the said pretended District No. 38 was the petition filed prior to the regular April, 1902, quarterly meeting of the board and finally acted upon at the said April, 1902, meeting of the board of county commissioners of Shoshone county. 12. Plaintiff further alleges that it received no notice of the act of the board of county commissioners of July 25, 1902, until the fourth day of February, 1904, when notice was received from the county superintendent of public instruction of Shoshone county that a new district No. 38 had been created, and that the said county superintendent of public instruction had directed the county treasurer of Shoshone county to transfer the sum of $375.10 from School District No. 25 fund to School District No. 38 fund. 13. Plaintiff alleges that the act of the board of county commissioners of July 25, 1902, was void; that the creation of the pretended school district was void and illegal and their act in creating the same was void and illegal and done without jurisdiction. And that the action of the board in making such order is void, and that the said petition is and was void for the following reasons, to wit: That the said petition does not anywhere allege, nor was it shown that the said petition was signed by at least two-thirds of those who are heads of families and residents of the territory embraced within the limits of the tract to be stricken off of the said School District No. 25 in Shoshone county, state of Idaho. That the said action of the board of county commissioners was void, for the reason that no notice was given in conformity with sections 35 and

36 of the act of the legislature of the state of Idaho, approved February 6, 1899, by the county superintendent. That the petition which had been filed prior to the April meeting of the board of county commissioners was finally disposed of at the April meeting of the board of county commissioners and final action had been taken thereon.

The complaint contains a number of other allegations, but they are unimportant for a determination of the case as it is presented to us.

The defendants demurred to this complaint, to wit: 1. That the complaint in said action does not state facts sufficient to constitute a cause of action; 2. That the plaintiff herein has not the legal capacity to sue in this action, for the reason that the complaint in this action and the injunction prayed for herein attempt to attack the incorporation of School District No. 38, in Shoshone county, state of Idaho, in a collateral way; 3. That there is a defect of parties plaintiff in this, that to attack the incorporation of the municipal organization of the said School District No. 38, in Shoshone county, the state of Idaho must be the plaintiff.

This demurrer was overruled by the court, and thereafter an answer was filed admitting paragraphs 2, 3, 6 and 10 of the complaint, and denying all the others for the want of sufficient knowledge and information to enable them to answer. The eighth paragraph of the answer avers that they deny that plaintiff received no notice of the act of the board of county commissioners of July 25, 1902, until the fourth day of February A. D. 1904, as is alleged in paragraph 12 of said complaint; but allege the truth to be that said board of county commissioners of July 25, 1902, until the fourth day of Febru-1902, and thereafter, and on the sixteenth day of August, 1902, said board caused to be published in the "Wallace Press," a newspaper published in the county of Shoshone, and being the paper most likely to give notice thereof, a brief statement of all the acts and proceedings of the said July, 1902, meeting, of which statement the following is a copy: "The petition of Washington Bonner and others for the establishment of a new school district to be known as School District

No. 38 was examined and granted [then follows boundaries of the district]."

The ninth paragraph avers that prior to the filing of the complaint herein School District No. 38 had erected and furnished with patented desks and other suitable furniture, a good and sufficient school building at an expense of about $500; that a term of four months of school had been held in said district during the year 1903, also four months during the year 1904.

The eleventh paragraph denies that defendants W. H. Shaw, J. W. Rogers and P. H. Blake have no property or that either of them are insolvent, but allege that defendants, and each of them are entirely solvent and able to respond in damages.

This case was tried in the lower court on a stipulation of facts, to wit: "Agrees that the allegations in paragraph 1, 2, 3, 4, 5, 6 of the complaint are true. Agree that notice was given according to law of the filing of the petition mentioned in paragraph 6. Admit the allegations contained in paragraph 8 of said complaint are true, except that defendants do not admit that said action of the board of county commissioners was final, but hold the same as being a question of law. Agree that the allegations of paragraphs 9 and 10 of the complaint are true. Agree that no petition was filed for the creation of School District No. 38, and that no notice was given of any such petition other than the petition filed prior to the April meeting and the notice given pursuant to said petition prior to the April meeting. Agree that the allegations of paragraph 12 of the complaint are true, and plaintiff admits that the notice of the action of the board of county commissioners in creating said school district was published according to law. Admit the allegations of paragraph 9 of the answer, subject to the materiality. Agree that the allegations contained in paragraphs 14 and 15 are true. Admit that the defendants will, unless restrained, spend the moneys apportioned to School District No. 38, claiming the same to be a regular district and admit that as trustees, the said defendants have

no property belonging to the said school district, except the schoolhouse and furniture heretofore mentioned.

.(Signed)        "JOHN P. GRAY,

"Attorney for Plaintiff.

"HENRY P. KNIGHT,

"Attorney for Defendants."

"Filed February 21, 1905."

On the ninth day of March, 1905, the court filed its findings of fact in harmony with the agreed statement, and as conclusions of law decides: 1. That the act of the board of county commissioners of Shoshone county on July 25, 1902, pretending to create the pretended School District No. 38, was void and illegal; 2. That the action of the board of county commissioners upon the petition of Washington Bonner and others on the sixteenth day of April, 1902, was a final action; 3. That the plaintiff is entitled to an injunction of the court against the defendants, and all of them, as prayed for in the complaint, and is entitled to have the preliminary injunction heretofore issued made permanent; 4. That the plaintiff is entitled to its costs.

Appellants only make two assignments of error: 1. The court erred in overruling the defendants' demurrer. 2. The court erred in entering judgment against the defendants and in favor of the plaintiff.

It is earnestly insisted by counsel for appellants that this action cannot be maintained, as the statute gave respondent his remedy by appeal, and that the existence of a municipal corporation cannot be attacked collaterally. He is not without authority on both of these propositions. It is true, as urged by counsel for appellants, that where the statute provides a remedy by appeal, equity will not interfere in a decision of this case. (Amended Sess. Laws 1899, p. 248.)

Section 1776, Revised Statutes of Idaho, provides that: "An appeal may be taken from any order, decision or action of the board while acting in an official capacity, by any person aggrieved thereby, or by any taxpayer of the county where any demand is allowed against the county, or when he deems any order, decision or action of the board illegal or preju-

dicial to the public interests." This section is broad and needs no construction; any order, decision or action from the board may be reviewed on appeal. That the board of county commissioners had jurisdiction of the subject matter of this action is not controverted, but it is urge by counsel for respondent that when the board made the order at the April meeting, tabling the petition and remonstrance, that it was the final action of the board on both, and hence their action at the July meeting was null and void, and the board then acted without jurisdiction. If this theory were accepted by counsel for appellants and by the court as correct, what relieves respondent from the obligations of the statute in appealing from the final order of the board at the July meeting wherein they attempt to create a new district? It is conceded that the board published their proceedings in the "Wallace Press," thereby giving notice to the plaintiff in this action and all parties concerned, that an order had been made creating School District No. 38, describing it by metes and bounds. If the board acted without jurisdiction in the promulgation of such order, it was appealable and subject to review in the district court on that ground, if no other. It is also conceded that a term of four months of school had been held in the new district in the year 1903; also a like term of 1904, and that the officers of such district had provided a schoolhouse with furniture, etc., at a cost of about $500, and all this before the institution of this action. Even if respondent could relieve itself of the obligations of the statute by appealing from the action of the board complained of, it is questionable whether a court of equity would lend its aid to relieve it at this time. It was at least a *de facto,* if not a *de jure,* school district of Shoshone county, recognized as being legal by the board of county commissioners and the school superintendent of the county. Equity will only lend its aid where there is no other plain, speedy and adequate remedy provided by law. In *Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805, section 1776 of the Revised Statutes is construed. After quoting the section, Mr. Justice Huston, speaking for the court, said: "This statute would seem to cover entirely the case presented by the plaintiff

in his complaint, but it is urged by plaintiff that to have taken an appeal in each of the cases enumerated in the complaint would have subjected him to great trouble and inconvenience. This may be unfortunate for plaintiff and those he represents, but it furnishes no excuse for the court to set aside a rule so generally recognized and repeatedly iterated by this court, as that equity may not be invoked where the party has a complete and adequate remedy at law." In the above case the plaintiff's action was to restrain the county treasurer of Alturas county from paying a number of alleged fraudulent warrants illegally allowed, audited and registered.

*In Rogers v. Hays,* 3 Idaho, 597, 32 Pac. 259, it is said in the syllabus: "Writ of review does not lies from an action of a board of county commissioners, the statute having provided a speedy and adequate remedy by appeal."

In *Morgan v. County Commrs. of Kootenai County,* 4 Idaho, 418, 39 Pac. 1118, opinion by Chief Justice Morgan, the syllabus, which is fully sustained by the opinion, says: "When order for the issuance and sale of bonds has been made and entered of record by the board of county commissioners of any county, proceedings in equity to restrain the issuance and sale of such bonds in pursuance to such order will not lie, the court having no jurisdiction in equity, where there is a plain, speedy and adequate remedy at law, by appeal from the order of the board." To the same effect see *County of Ada v. Bullen Bridge Co.,* 5 Idaho, 188, 95 Am. St. Rep. 180, 47 Pac. 818, 36 L. R. A. 367.

It is urged by counsel for respondent that he finds authority for this action in *Dunbar v. Board of County Commrs.,* 5 Idaho, 407, 49 Pac. 409, and that this case so modifies *Morgan v. Board of County Commrs., supra,* as to render the rule there laid down inoperative to this case. Mr. Justice Quarles speaking for the court said: "The decision in *Morgan v. County Commrs.* (decided by this court, April 6, 1895), 4 Idaho, 418, 39 Pac. 1118, is somewhat in conflict with the views herein expressed, and we think should to some extent be modified. The remedy to correct errors and irregularities in the action of a board of county commissioners acting in a

matter over which such board has jurisdiction is solely by appeal. But where a board of commissioners in violation of the constitution incurs a large debt in excess of the revenue for the fiscal year in which they assume to incur such debt, without submitting the question of incurring such debt to the voters, and providing for payment of the interest and principal thereof, as provided for the plain provisions of the constitution and statutes of the state, such board is not acting within its jurisdiction, and the action of the board in making such an order is void, and may be attacked directly, indirectly or collaterally at any time or place. To hold otherwise would give the boards of county commissioners power to do indirectly what the constitution forbids.'' It will be observed that this court says in this case that the board of county commissioners were acting in a matter over which they never had acquired jurisdiction, and that being true their orders may be attacked directly, indirectly or collaterally at any time or place.

It is also said in this case that where the board has acquired jurisdiction, the remedy is solely by appeal; hence no attempt to change the rule laid down in *Picotte v. Watt, Rogers v. Hays,* or *Morgan v. County Commrs., supra,* where the board has once acquired jurisdiction.

In *Corker v. Elmore County Commrs.,* 10 Idaho, 255, 77 Pac. 634, the latest construction of section 1776 as amended (Sess. Laws 1899, p. 248), this court, speaking through Mr. Justice Ailshie, said: ''From the action of the board in awarding a contract any person aggrieved thereby or any taxpayer of the county may appeal to the district court, and if no appeal is taken within the statutory time, the order is final, and can no longer be questioned.''

These views have been adopted by this court long since the decision in *Dunbar v. Board of Commrs., supra.* Other authorities are cited in support of the contention of appellants that the remedy is statutory, and that to review the action of the board an appeal must be taken from the action or order complained of, but we deem it unnecessary to review them.

It follows that from the foregoing suggestions and based upon the above authorities that the court concludes that the

demurrer should have been sustained. The judgment is re-versed and the cause remanded for further proceedings con-sistent with the views herein expressed.

Ailshie, J., and Sullivan, J., concur.