(June 22, 1905.)

## JOHNSTON v. SAVIDGE.

### [81 Pac. 616.]

INCORPORATED CITIES—JUSTICE'S PRECINCTS—POWER OF BOARD OF COMMISSIONERS—NUMBER OF JUSTICES IN EACH PRECINCT—REVIEW ON APPEAL—QUO WARRANTO—STATUTORY CONSTRUCTION.

1. Under the provisions of subdivisions 2 and 3 of section 1759 of the Revised Statutes, a board of county commissioners has 'he power to establish, abolish and change justices' precincts in incorporated cities.

2. That provision in section 11 of an act approved February 25, 1891 (Sess. Laws 1891, p. 60), which provides that there shall be at each general election two justices of the peace elected in each justice's precinct "except wards in incorporated cities" does not prohibit the proper board of county commissioners from establishing justice's precincts within such cities and the election of two justices of the peace in each of such precincts.

3. If the board of county commissioners has jurisdiction to create justices precincts within the limits of an incorporated city, and does so, its action can only be reviewed by appeal.

4. Where the action of a board of county commissioners is only voidable, a review thereof must be had by appeal. Such action will not be reviewed on a proceeding in the nature of quo warranto.

5. Where a portion of an ordinance of a board of county commissioners is invalid, and the valid portion contains the essential elements of a complete ordinance, the invalid portion may be rejected and the remainder stand valid and operative.

(Syllabus by the court.)

APPEAL from the District Court of Ada County. Honorable George H. Stewart, Judge.

Action in *quo warranto* to determine the rights to the office of justice of the peace. Judgment for the defendant. Affirmed.

J. C. Johnston and Jesse B. Hawley, for Appellant.

In California, upon a section from which our own was taken, the court held "That an action may be brought against all persons who claim title to the same office to try their respective rights thereto." (*People v. Prewett,* 124 Cal. 7, 56 Pac. 619. See, also, *State v. Frantz,* 55 Neb. 167, 75 N. W. 546; *People v. Carpenter,* 24 N. Y. 86.) California, Oregon and New York statutes contain the same provisions upon the adoption of the statute of usurpation, and the courts of these states held that the said provisions only do away with the form of the action, and that the remedies afforded by the ancient common-law writ of *quo warranto* are still obtainable under the code. (*State v. Douglass Co. Road Co.,* 10 Or. 199-273; *People ex rel. Hartzel v. Hall,* 80 N. Y. 117; *People v. Thatcher,* 55 N. Y. 528, 529, 14 Am. Rep. 312; *People v. Stanford,* 77 Cal. 360, 18 Pac. 85-87, 19 Pac. 693, 2 L. R. A. 92.) The substitution of a civil action and complaint for the old information does not change the mode of pleading, and a general charge of usurpation is sufficient in the information. (*People v. Knox,* 38 Hun, 237; *State v. Sullivan,* 8 Ohio Cir. Dec. 349; *State v. Stevens,* 29 Or. 477, 44 Pac. 898; 2 Spell-

ing on Extraordinary Relief, p. 1509, sec. 1846; *Lake v. Craw-ford,* 28 Mich. 88; *People ex rel. Fulkenberg v. Miles,* 2 Mich. 349; *Miller v. English,* 21 N. J. L. 317; *Rex v. Harwood,* 2 East, 177.) The burden of proof is on the respondent to justify his own title and judgment, for ouster will be rendered against him if he fails to show title, whether the relator shows title or not. (*People v. Mayworm,* 5 Mich. 146; *People ex rel. Keeler v. Robertson,* 27 Mich. 116; *People v. Thatcher,* 55 N. Y. 525, 14 Am. Rep. 312.) The next question involved in this case is the claim of title to the office of justice of the peace by the respondent herein. And that said claim of office is based upon an election held in pursuance of and upon an unconstitutional, unlawful, invalid and void ordinance or order passed by the board of county commissioners of Ada county, August 18, 1904. (Sess. Laws 1890-91, p. 60, sec. 11; Idaho Rev. Stats. 1887, sec. 1759, subds. 2, 3.) Their power, then, in pursuance of the statute and said act is as follows: "To divide the county into justice's precincts, except in wards in incorporated cities." This exception is a limitation and a prohibition upon the power of the board, "in wards in incorporated cities," as otherwise the exception clause has no meaning in said act, and the board could not proceed partially under said act and disregard the exception clause therein. It is a cardinal rule of construction that each part of an act shall be construed in accordance with the meaning and intent of the law-making body. It is also a cardinal rule of construction that a statute free from ambiguity and uncertainty needs no interpretation, and interpretation is not allowable, when the legislative intent, which is the office of interpretation to ascertain, is clearly expressed. (*Davis v. Hart,* 123 Cal. 384, 55 Pac. 1060; Sutherland on Statutory Construction, p. 294, sec. 222, p. 295, sec. 222, sec. 366, p. 591, sec. 459; Endlich on Interpretation of Statutes, p. 253, sec. 184.) The legislature of the various states control this matter under like constitutions with our own by direct legislative acts under their powers vested by the constitution in the legislature and in no other body to incorporate, organize and classify cities and towns, to amend, alter, and change

their boundaries at pleasure. (Cal. Civ. Code, p. 38, sec. 85; Cal. Code Civ. Proc., p. 42, sec. 103; Pol. Code, title 11, p. 664, sec. 4104; Statutes and Amendments of California, 1897, p. 474, sec. 56.) A justice of the peace is a constitutional officer, and his powers and duties are prescribed by the legislature, and the county board has no power to regulate or abolish his office. (*State ex rel. Boll v. John Snodgrass,* 4 Nev. 524; *Board of County Commrs. of Pueblo Co. v. Smith,* 22 Colo. 534, 546, 45 Pac. 357, 33 L. R. A. 465.) The legislature cannot delegate the functions expressly vested in it by the constitution to boards of county commissioners or judiciary, nor can a legislative power be exercised by the board of county commissioners. (*Dougherty v. Austin,* 94 Cal. 601, 28 Pac. 834, 29 Pac. 1092, 61 L. R. A. 161; *Reynolds v. Board of County Commrs. of Oneida County,* 6 Idaho, 787, 59 Pac. 730.) An ordinance can be partly good and partly bad only where the parts are in themselves distinct from each other, and where the two are so inseparably blended together as to make it clear that either clause would not have been enacted without the other, the whole act is void. (17 Am. & Eng. Ency. of Law, 1st ed., 266; *State v. Hardy,* 7 Neb. 377; *San Francisco v. Spring Valley Water Works,* 48 Cal. 494; *French v. Teschemaker,* 24 Cal. 518.)

C. C. Cavanah and Richards & Haga, for Respondent.

This action is not prosecuted in the name of the state or the people of the state, or by the county attorney or public prosecutor, but the action is brought for the enforcement of a private right by a private individual who appears and prosecutes by private counsel. If maintained at all, it must be under that part of section 4612, Revised Statutes of 1887, which reads as follows: "Any person rightfully entitled to an office or franchise may bring an action in his own name against a person who has usurped, intruded into, or who holds or exercises the same." When an action in *quo warranto* is brought by the people or in behalf of the public by the public prosecutor, the burden of proof is on the respondent to show the legality of his election or appointment, but this is

not the rule when the action is brought by a claimant who claims title to the office in himself. In such case it is incumbent on relator to show that he is "rightfully entitled" to the office in question before he can inquire into the title of respondent. (2 Spelling on Extraordinary Relief, sec. 1878; *State v. Moores,* 52 Neb. 634, 73 N. W. 299; *State v. Oftedal,* 72 Minn. 498, 75 N. W. 692; *Tillman v. Otter,* 93 Ky. 600, 20 S. W. 1036, 29 L. R. A. 110; *Attorney General v. May,* 99 Mich. 538, 58 N. W. 483, 25 L. R. A. 325; 23 Am. & Eng. Ency. of Law, 626; 17 Ency. of Pl. & Pr. 482.) It is well settled that the right of a private person to institute a proceeding in *quo warranto* depends on his own superior right to the office. If he is not entitled to it, it is a matter of no importance to him who is. (*State v. Ellington,* 117 N. C. 158, 53 Am. St. Rep. 580, 23 S. E. 250, 30 L. R. A. 532; *Howes v. Perry,* 92 Ky. 260, 17 S. W. 575; *State v. Wheatley,* 160 Ind. 183, 66 N. E. 684; 2 Spelling on Extraordinary Relief, sec. 1758; 17 Ency. of Pl. & Pr. 463, 471; *State ex rel. Griffith v. Vineyard, supra; Morris v. People,* 8 Colo. App. 375, 46 Pac. 691; *Board of Commrs. v. Smith,* 22 Colo. 534, 45 Pac. 357, 33 L. R. A. 465; Idaho Const., art. 5, sec. 22.) Appellant is not in a position to question the power of the board of county commissioners to establish justices' precincts in incorporated cities, for appellant bases his own title to the office upon two distinct ordinances passed by the same board and for the same city, and applies with equal force as against the ordinances under which the relator himself asserts title to the office. (*State v. Stuht,* 52 Neb. 209, 71 N. W. 941; 2 Spelling on Extraordinary Relief, sec. 1796; *State v. Boyd,* 34 Neb. 435, 51 N. W. 964.) "Where a regular meeting of a board of county commissioners adjourns to a subsequent day, all the members being present, each member is charged with the official duty of attending, and with notice of any lawful action to be taken at such adjourned meeting, and anything done at such adjourned meeting within the power of the board to do is not rendered invalid by the fact that one member did not attend it." (*Stockton v. Powell,* 29 Fla. 1, 65, 10 South. 688, 15 L. R. A. 42; *Damon v. Granby,* 2 Pick.

353; *Kingsbury v. Central School Dist.*, 12 Met. 99; *State v. Jersey City*, 27 N. J. L. 493; *State v. Green*, 37 Ohio St. 227; *State v. Chute*, 34 Minn. 135, 24 N. W. 353.) The true and correct rule seems to be that "Where the portion of the statute or ordinance which is invalid is distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected, and the remainder stand as valid and operative." (*City of Eureka v. Wilson*, 15 Utah, 67, 62 Am. St. Rep. 904, 48 Pac. 150; 21 Am. & Eng. Ency. of Law, 2d ed., 993; Sutherland on Statutory Construction, sec. 169; 1 Dillon on Municipal Corporations, sec. 421; *In re Mansfield*, 106 Cal. 400, 39 Pac. 775; *Ex parte Holmquist* (Cal.), 27 Pac. 1099; *Ex parte Christensen*, 85 Cal. 208, 24 Pac. 747; *Wilcox v. Hemming*, 58 Wis. 144, 46 Am. St. Rep. 625, 15 N. W. 425; *State ex rel. City of Milwaukee v. Newman*, 96 Wis. 258, 71 N. W. 438; *Gorman v. Commissioners of Boise City*, 1 Idaho, 559.)

SULLIVAN, J.—This is an action in the nature of a *quo warranto* by the appellant to determine his right to the office of justice of the peace within election precincts 4 and 6, lying in the second ward of Boise City. It is alleged that appellant was legally eligible to the office of justice of the peace, and that the board of county commissioners of Ada county established election precincts within the incorporated city of Boise City on June 22, 1898; that appellant was duly appointed justice of the peace to fill a vacancy of an election precinct called Boise Precinct No. 4, lying within said city and within the second ward thereof on February 12, 1904, and that he duly qualified and was inducted into said office on said date; that the county commissioners, on April 18, 1904, changed the boundaries of election precincts in said city and county, and that such election precincts were not constituted as justices' precincts; that since said eighteenth day of April, the said election precincts so established have remained unchanged and unaltered except as attempted by the unlawful and illegal ordinance or order made by the board

of county commissioners upon the eighteenth day of April, 1904; that said action of the board was unlawful, invalid, unconstitutional and void, and did not affect election precincts as theretofore established; that no successor having been duly elected and qualified therefor, plaintiff will continue in said office until a legal election and qualification of a successor, and that the respondent was not legally elected to said office, and that he is an intruder and usurper into said office; that said order of said board under which the respondent claims title to said office is illegal, unconstitutional, void and contrary to the laws of the state; that said precincts so established were not established as justices' precincts, but as election precincts, and that said precincts Nos. 4 and 6, as established by said board, lie within and constitute a portion of the second ward of said city; and that said election precincts lie coterminous with each other, and largely constitute the boundaries of said second ward, and that appellant was duly and legally appointed to fill a vacancy in the office of justice of the peace within said second ward as aforesaid; that said second ward is in law a precinct, and that there was a vacancy therein in the office of the justice of the peace, and that to fill said vacancy appellant was appointed and qualified as aforesaid; that at a general election held in accordance with the election laws, on November 8, 1904, appellant was duly elected as a justice of the peace in said Boise Precinct No. 6 lying within said second ward, and that at said election appellant was the only candidate for said office, and that said election precincts Nos. 4 and 6 were established for the purpose of elections within the second ward of said city, and for no other purpose.

To the complaint containing the foregoing allegations, among others, the respondent filed a demurrer that raised the question of the sufficiency of the complaint, which demurrer was sustained and judgment dismissing the action was entered, from which judgment this appeal was taken.

The record shows that the board of county commissioners of Ada county, on the eighteenth day of August, 1904, established one justice's precinct within the limits of Boise City,

which includes all of the election precincts of said city: and further made an order that said justice's precinct should "be presided over by one justice of the peace." It further appears that at the general election held on November 8, 1904, respondent was elected to the office of justice of the peace of said precinct; that a certificate of election was duly issued to him and that he thereafter qualified as such justice of the peace.

There are a number of questions raised on this appeal, but in our view of the case it is not necessary to pass upon all of them. The main question is whether under the law the board of county commissioners had the authority to establish justices' precincts in Boise City. If the board had the power and exercised it, the judgment must be affirmed. In deciding this matter we must resort to the various provisions of our constitution and statute which refer to that subject. Section 22 of article 5 of the state constitution provides, among other things, as follows: "In each county of this state there shall be elected justices of the peace as prescribed by law." Subdivisions 2 and 3 of section 1759 of the Revised Statutes as amended, which section contains a grant of power to the board of county commissioners, are as follows: "2. To divide the counties into precincts, school, road and other districts required by law, change the same and create others, as convenience requires." Subdivision 3 is as follows: "To establish, abolish, and change election precincts, and to appoint judges of elections, canvass all election returns, declare the result, and issue certificates thereof." Section 1813 of the Revised Statutes reads as follows: "The officers of precincts are two justices of the peace, one constable, and such other inferior and subordinate officers as are provided for elsewhere in this code or by the board of commissioners." Section 11 of an act concerning election and electors, approved February 25, 1891 (Sess. Laws 1891, p. 60), is as follows: "At the general election, A. D. 1892, and every alternate year thereafter, there shall be elected in each justice's precinct, except wards in incorporated cities, two justices of the peace and one constable, and all other officers, not herein

specified, that now are, or hereafter may be created shall, unless otherwise provided, be elected on the day of the general election.''

The above-quoted section of the constitution provides that justices of the peace shall be elected in the several counties of the state as prescribed by law, and subdivisions 2 and 3 of section 1759, Revised Statutes, as amended, empower the board of county commissioners to divide the county into justices' precincts; and section 1813, Revised Statutes, provides that ''the officers of precincts are two justices of the peace, one constable, and such other inferior and subordinate officers as are provided elsewhere in this code or by the board of county commissioners.'' But it is contended that that clause of section 11 of the act of 1891 which excepts wards in incorporated cities from the provisions of that section on the subject of the election of two justices of the peace in all precincts except wards in incorporated cities, constitutes and establishes each ward in said city a justice's precinct. We cannot agree with that contention. That section has no application to the formation of justices' precincts. That provision is found in our election laws, but there is nothing further in our statutes that intimates that wards in incorporated cities constitute justices' precincts. If the contention of the appellant were true, the legislature, after having established a justice's precinct in each ward of an incorporated city, has failed to provide the number of justices to be elected therein and has failed to leave that matter to the discretion or the judgment of the board of county commissioners, city council, or any other body or person. When the election law of 1891 was enacted, the legislature may have intended to supplement the provisions of said section 11 by further legislation, but it failed to do so, and the exception in said section is left without any force or effect. Hence, until further legislation the board of county commissioners have the power to create election precincts within incorporated cities, and such precincts are entitled to two justices of the peace as provided by section 1813.

It is also contended that the order made by the board of commissioners organizing all of the election precincts of Boise City into one justice's precinct was illegal and void, for the reason that said order was not made at a regular session of the board. As we view it, the board had the power and authority to organize justices' precincts, and if their action therein was illegal, any person aggrieved had a right to appeal therefrom. That being true, the question of the illegality of the board's action cannot be reviewed in this proceeding. Even though the board created said justice's precinct at a special or adjourned meeting of the board, such action would not be void, but only voidable. This court has uniformly held that where the actions of the board were only voidable, the proper and only method of review was by appeal. (*School Dist. No. 25 v. Rice, ante,* p. 99, 81 Pac. 155; *Pecotte v. Watt,* 3 Idaho, 447, 31 Pac. 805; *Rogers v. Hays,* 3 Idaho, 597, 32 Pac. 259; *Morgan v. County Commrs.,* 4 Idaho, 418, 39 Pac. 118; *Corker v. Elmore Co.,* 10 Idaho, 255, 77 Pac. 634; *Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 409.)

The fact that the board by its order provided that the justice's precinct composed of the sixteen election precincts in Boise City should be presided over by one justice of the peace does not invalidate said order creating said justice's precinct, as that part of the order may be separated from the valid part thereof, and the valid part be permited to stand under the well-established rule that where the portion of a statute or ordinance which is invalid is distinctly separable from the remainder, and the remainder in itself contains the essential elements of a complete enactment, the invalid portion may be rejected and the remainder stand as valid and operative. (Sutherland on Statutory Construction, sec. 169; 21 Am. & Eng. Ency. of Law, 2d ed., 993.) The judgment is affirmed, with costs in favor of respondent.

Stockslager, C. J., and Ailshie, J., concur.