(March 11, 1908.)

GUST GUNDERSON, Plaintiff, v. DISTRICT COURT FOURTH JUDICIAL DISTRICT, and E. A. WALTERS, Defendants.

[94 Pac. 166.]

WRIT OF REVIEW—WHEN GRANTED—MOTION TO QUASH—JURISDICTION OF COURT.

    1. Under the provisions of sec. 4962, Rev. Stat., the writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

    2. The district court has jurisdiction to hear and determine a motion to dismiss an appeal to that court from the probate court, and as it has jurisdiction to pass upon such motion, its action therein cannot be reviewed by writ of review.

3. If a court undertakes to proceed in a matter without or in excess of its jurisdiction, its proceedings may be arrested by writ of prohibition.

(Syllabus by the court.)

An original proceeding in this court for a writ of review to review the action of the district court in overruling a motion to dismiss an appeal from the probate court. *Motion to quash writ sustained.*

Daniel McLaughlin, for Plaintiff.

W. C. Howie, for Defendants.

Counsel cite no authorities on points decided.

SULLIVAN, J.—This court issued a writ of review on the application of the plaintiff to review the action of the district court in overruling a motion of the plaintiff to dismiss an appeal which had been taken from the probate court to the district court in an action in which Gust Gunderson was plaintiff and A. A. Brothen was defendant. On return day, counsel for the defendants appeared and moved to quash the writ on three several grounds: (1) That it appears on the face of the petition that it is not a case in which a writ of review will issue, for the reason that the petitioner has an adequate remedy by appeal; (2) That said petition does not state facts sufficient to warrant the issue of the writ; (3) That it appears on the face of the petition that the district court did not exceed its jurisdiction.

It appears from the petition that said Gunderson obtained a judgment .in the probate court against said Brothen, and thereafter said Brothen prosecuted an appeal to the district court. Thereupon Gunderson moved the district court to dismiss said appeal on the ground that no sufficient undertaking had been filed. The court overruled said motion and this proceeding is brought to review that action of the district court.

Under the provisions of sec. 4962, the writ of review may be granted by any court except a probate or justice's court

when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal nor, in the judgment of the court, any plain, speedy and adequate remedy. The writ in this case must be quashed unless the district court exceeded its jurisdiction in passing upon said motion to dismiss said appeal.

There is no question but what the court had jurisdiction to dispose of that motion and to determine whether the appeal had been taken as provided by law. As the court had jurisdiction to determine that question, its decision, whether right or wrong, cannot be reviewed on *certiorari*. The only question that can be determined by writ of review is the question whether the court had jurisdiction to act in the matter referred to. That it did have such jurisdiction is beyond question; therefore, its action cannot be reviewed by writ of review. If, in fact, the appeal referred to has not been perfected by filing the undertaking required by law, and the court should proceed to try the case, its action might be arrested by a writ of prohibition, for under the provisions of sec. 4994, Rev. Stat., a writ of prohibition arrests the proceedings of a court when its proceedings are without or in excess of its jurisdiction. Under the facts of this case, if the petitioner has any remedy whatever, it is by writ of prohibition and not by writ of review.

The motion to quash the writ is sustained with costs of this proceeding in favor of the defendant.

Ailshie, C. J., and Stewart, J., concur.