(May 28, 1908.)

## COEUR D'ALENE MINING COMPANY, Plaintiff, v. WILLIAM W. WOODS, Judge, Defendant.

[96 Pac. 210.]

WRIT OF REVIEW—EMINENT DOMAIN—AUTHORITY TO EXERCISE RIGHTS— PUBLIC USE—A MORE NECESSARY PUBLIC USE—GREATEST PUBLIC BENEFIT—LEAST PRIVATE INJURY.

1. Under the provisions of sec. 4962, Rev. Stat., a writ of review may be granted when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

2. Under the provisions of our statute granting the power of eminent domain, the district court, or judge thereof, has jurisdiction to determine the right and necessity for the exercise of that right, and if, on a hearing of an application to appoint commissioners to assess damages, he rejects certain evidence offered in regard to the location of the right of way sought to be condemned, or the necessity thereof, his action may be reviewed on an appeal, but cannot be reviewed on *certiorari.*

(Syllabus by the court.)

Original proceedings for writ of review. On motion, *writ quashed.*

Gray & Knight, and Albert H. Conner, for Plaintiff, cite no authorities on points decided.

Walter A. Jones, John H. Wourms, W. A. Cleland, and Richards & Haga, for Defendant.

In relation to such proceedings as the one now before this court, this court has declared: "The court should always . . . . confine its inquiries to the question as to whether or not the action complained of was beyond and in excess of the jurisdiction conferred. . . . ." (*McConnell v. State Board etc.,* 11 Ida. 652, 83 Pac. 494.)

In order that this writ may issue under our statutes, three things must appear: 1. That the court below exceeded its jurisdiction; 2. That there is no appeal provided by law from the judgment or decision of the court; 3. That there is no other plain, speedy or adequate remedy. If any one of these is wanting, the writ cannot be granted. (*People v. Lindsay,* 1 Ida. 398; *Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 259; *Bennett v. Wallace,* 43 Cal. 25; *Faut v. Mason,* 47 Cal. 7; *Milliken v. Hubber,* 21 Cal. 166; *Tucker v. Justice's Court etc.,* 120 Cal. 512, 52 Pac. 808.)

Sec. 4968 limits the inquiry as to the question whether the lower court regularly pursued the authority vested therein by law. (*Hoffman v. Lewis,* 31 Utah, 179, 87 Pac. 167; *McConnell v. State Board etc.,* 11 Ida. 662, 83 Pac. 494; *Gunderson v. District Court,* 14 Ida. 478, 94 Pac. 166; *City of Los Angeles v. Young,* 118 Cal. 295, 62 Am. St. Rep. 234, 50 Pac. 535; *Harris v. Barber,* 129 U. S. 366, 9 Sup. Ct. 314, 32 L. ed. 697.)

As to the questions arising under the issues of fact joined by the pleadings, there is an adequate remedy at law provided by appeal. (Sec. 9, art. 5, Idaho Const.; sec. 5223, Rev. Stat.; *State v. Superior Court* (Wash.), 89 Pac. 879; *State v. Superior Court,* 43 Wash. 91, 86 Pac. 206; *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916; *Wetzel v. Superior Court,* 3 Cal. App. 408, 85 Pac. 858; *State v. Superior Court,* 44 Wash. 554, 87 Pac. 814.)

The trial court having jurisdiction of both the subject matter of the action and the parties to the action and proceeding according to the statute, this proceeding will not lie, at least before some final determination of the matter complained of. (*Sievers v. Garfield Co.*, 11 Colo. App. 147, 52 Pac. 635; *People v. Lindsay*, 1 Ida. 401; *Schwartz v. Garfield Co.*, 14 Colo. 44, 23 Pac. 85.)

The order appointing commissioners complained of in this proceeding, being an interlocutory order, an adequate remedy is provided by preserving any error committed by the court by bill of exceptions, whereupon such question can be heard on appeal from the judgment. (Sec. 9, art. 5, Idaho Const; *Matter of Paige*, 12 Ida. 415, 86 Pac. 273; 2 Pl. & Pr. 90, 95, note 1; *State v. Superior Court* (Wash.), 89 Pac. 880; *Dahlstrom v. Portland Min. Co.*, 12 Ida. 87, 85 Pac. 916; *State v. Superior Court*, 44 Wash. 554, 87 Pac. 814; *Hoffman v. Lewis*, 31 Utah, 179, 87 Pac. 169; *Wetzel v. Superior Court*, 3 Cal. App. 408, 85 Pac. 858.)

The question as to the right of the court to appoint commissioners in condemnation proceedings can be determined on appeal. (*Spratt v. Helena etc. Co.* (Mont.), 94 Pac. 639.)

SULLIVAN, J.—This is an application for a writ of review to review, vacate and set aside the action of Honorable William W. Woods, judge of the first judicial district in and for Shoshone county, in making an order appointing commissioners to assess and determine the damages which the plaintiff will suffer by reason of the appropriation and condemnation of a right of way across the plaintiff's premises in said county, and to set aside the order holding that a necessity existed for the condemnation and appropriation of lands for a right of way for the Idaho Northern Railroad Company across said premises, and the plaintiff prays that this court ascertain and adjudge that the grounds and premises mentioned and described in said railroad company's complaint, which said railroad company proposes to condemn as and for a right of way for its railroad, are already applied to a public use and constitute a public use under the constitution and laws

of the state of Idaho, and that the same now are applied to a more necessary and important public use than that to which said railroad company proposes to apply the same.

It appears that notice was served upon this plaintiff, that said railroad company would apply to said judge for the appointment of commissioners to assess and determine the damages which this plaintiff would suffer by reason of the appropriation and condemnation of said lands. Prior to that hearing, this plaintiff served upon the attorneys for the railroad company its answer in said condemnation suit, and caused the same to be filed with the clerk of said court, and prior to the hearing upon said motion, filed its objection to the appointment of commissioners.

It further appears that upon the hearing of said application for the appointment of such commissioners, the railroad company, for the purpose of showing its right to have such commissioners appointed, introduced two witnesses, who are civil engineers, one of whom was chief engineer of said railroad company, and the other was an engineer who had the contract for the construction of the railroad involved in this case. One of them testified, in effect, that from his experience as a railroad engineer, the line of road as located across the property of the mining company was at the proper place, and that the location involved was the practical and proper location for such railroad; that it would not be proper to locate it either on the north or south rim of the mountain or gulch, as the mountain was winding and sinuous, and that it would make a very crooked line to locate it there, and a hard line to operate and construct. The other engineer testified that he was engineer in chief of said railroad company, and that he surveyed and located the line of road across the mining company's placer claims. He testified that his main object was to get the most practical line without interfering with the Coeur d'Alene Mining Company's work and property, and that the road as located is, from a railroad standpoint, the practical route for building the road across the plaintiff's mining claims; and also testified that by an expenditure of an additional seventy or eighty thousand dollars

and putting a few more curvatures in the road, and making a few cuts, the road could be built along the rim of the gulch or valley.

At the close of the railroad company's evidence, the mining company called a witness and offered to prove by him the material affirmative allegations of the answer, and also offered to prove the same by other witnesses, but, under objection, the offer was rejected; the court thereby in effect holding that the action of the engineers in selecting the line was conclusive and that he would not inquire beyond that, and that the question of whether or not another feasible line could be found that would do less injury to the mining company would not be considered by him, and he refused to hear any evidence except that of the engineers for the railroad company.

After rejecting such offered testimony, the court appointed commissioners to assess damages. Thereupon, as the commissioners were about to meet and assess damages, the mining company applied to this court for a writ of review, which writ was granted. On the record as made, counsel for the plaintiff contends that the court acted without jurisdiction and in excess of its jurisdiction in appointing said commissioners, on the grounds. (1) That the court had no power to appoint commissioners because no necessity for the appropriation of the lands sought to be condemned was shown to exist; (2) Because there was no determination upon a judicial hearing that it was necessary to condemn the lands sought to be condemned in the said action for the purpose mentioned in said complaint; or that there was not any other feasible and practical route, the condemnation of which would do less injury to the plaintiff, and at the same time permit the railroad company to fulfil its charter powers; (3) That it was not shown that in locating said line it was located in the manner which will be most compatible with the greatest public good and the least private injury; (4) Because it did appear that the mining claims sought to be appropriated were already devoted to a public use, and it was not shown, and the court did not judicially determine, that the taking was necessary to the use mentioned in the complaint, or that the said use

for which the railroad company sought to apply them was of a more necessary and public use than that to which they were already devoted; (5) For the further reason that there was no evidence to show and no judicial determination that the pre-requisites to the exercise of the right of eminent domain under the statutes had been complied with or performed by said railroad company; (6) That it appeared from the pleadings that the lands sought to be condemned were necessary for the use of the plaintiff in the construction of ditches, flumes, pipes and dumping places for the working of its mines, and that this plaintiff was denied the right to introduce proofs in support of its said locations, and that the court made no judicial finding that said lands were not necessary for the use as stated.

In support of plaintiff's contention, counsel cites the following sections of the Idaho Revised Statutes: 5210, 5212, 5213, 5214 and 5216.

Counsel also contends that under the provisions of sec. 14, art. 1 of the constitution of Idaho, mining is recognized as a public use, and that being true, said lands sought to be condemned were devoted to a public use and under the provisions of subdivision 5 of said sec. 5212, above cited, it must appear that such right of way is made and located in a manner most compatible with the greatest public benefit and least private injury, and that the court absolutely refused to receive any evidence on behalf of the defendant in said action upon those questions. It was also contended that the exercise of the right of eminent domain should be so guarded that conflicting public uses may both be preserved for the benefit of the whole people, and that neither of such uses shall be destroyed for the benefit of the other, and that the rights of each must be so guarded that each may have the necessary lands for its development; that where lands are devoted to what the constitution recognizes as a public use, they cannot be taken for another public use to the detriment of the one, unless the one to which they are sought to be applied is a more necessary public use, and the necessity under that constitutional provision and under the statutes must be deter-

mined before they can be subject to the occupation of the person seeking to condemn them.

The above and foregoing is sufficient to show the issues and contentions of the parties. When the case was called for hearing in this court, counsel for the defendant moved to quash the writ of review and dismiss the case for the following reasons: (1) That the plaintiff had a plain, speedy, adequate and complete remedy by appeal; (2) Because the order sought to be reviewed is interlocutory and not a final order and may be modified at any time and may be reviewed on appeal from the judgment; (3) Because it appears that the court had jurisdiction of both the subject matter of the action and the parties to the action, and therefore jurisdiction to make and enter the order sought to be reviewed; (4) Because the affidavit on which said writ is based is insufficient to entitle the plaintiff to such writ, and that it fails to state facts sufficient to warrant the issuance of said writ. In support of their motion to quash, counsel cites sec. 4962, Rev. Stat., which is as follows:

"A writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

Said motion to quash must be granted unless it appears that the defendant in exercising his judicial functions has exceeded his jurisdiction and the injured party has no appeal nor any plain, speedy or adequate remedy. As the provisions of sec. 4968, Rev. Stat., limit the inquiry of this court under this proceeding to the question of the jurisdiction of the judge to make the order complained of, this court can go no further than to decide that inquiry, provided it concludes that the court had jurisdiction.

Counsel for plaintiff in his brief states his contention as follows: "This plaintiff maintains that the determination of the question of necessity is a judicial question, and that the

statutes which have been pointed out are mandatory in requiring of the court that before it shall appoint commissioners, it shall require the condemning party to prove the jurisdictional facts authorizing it to condemn, among these being the question of necessity. If it was proper at all for the learned judge to hear evidence on the question of necessity; if it was necessary at all that evidence be introduced, then this plaintiff was entitled to a full and fair hearing and a judicial determination of that question of necessity, not to find out that the engineers of the railroad company had determined the necessity, but was entitled to have the court pass upon that question upon all of the facts which could be presented.''

It will be observed from this that the court rejected certain testimony that counsel contends should have been admitted. As the court had jurisdiction to pass upon the competency of the testimony offered, if he rejected competent evidence, his action cannot be reviewed on *certiorari*. It matters not what errors the court has made in deciding matters over which it had jurisdiction; its erroneous action cannot be examined into by writ of review.

The judge had jurisdiction to hear and determine this whole matter, and it seems that he admitted certain evidence on the part of the railroad company to show the necessity of condemning said right of way, and that the plaintiff offered certain evidence on that question which was rejected by the judge on the hearing. If the judge made a mistake in rejecting evidence in a matter over which he had jurisdiction, his action cannot be corrected by a writ of review. While the judge may have made a mistake in rejecting the evidence offered, and may have made a mistake in appointing the commissioners, we do not think he exceeded his jurisdiction, and if he made a mistake, his error could be corrected on appeal, at least, from the final decision of the matter. As the court had jurisdiction to determine the questions presented, its decision, whether right or wrong, cannot be reviewed on *certiorari*. (*Gunderson v. District Court*, 14 Ida 478, 94 Pac. 166.

The motion to quash the writ must therefore be sustained, and the writ quashed and the proceedings dismissed. Costs are awarded to the defendant.

Ailshie, C. J., and Stewart, J., concur.