(October 30, 1913.)

A. J. BOBBITT et al., as Trustees of JOINT SCHOOL DISTRICT No. 18, Appellants, v. PATRICK H. BLAKE et al., as the Board of County Commissioners of Clearwater Co., Respondents.

[136 Pac. 211.]

SCHOOL DISTRICT—CREATION OF—BOARD OF COUNTY COMMISSIONERS—WRIT OF REVIEW.

1. Under the provisions of the school laws of the state (11th Sess. Laws, p. 500), the board of county commissioners has the authority and power to create new districts out of any territory within the county or change the boundaries of existing districts, as provided by said act.

2. Under the provisions of sec. 1950, Rev. Codes, every act, order or proceeding of the board of county commissioners is appealable, except an order made by such board while sitting as a board of equalization.

3. Under the provisions of sec. 4962, Rev. Codes, the writ of review cannot be granted where there is an appeal or, in the judgment of the court, a plain, speedy and adequate remedy.

4. A writ of review does not lie to review the action of a board of county commissioners in the creation of a school district, as every action of the board of county commissioners may be reviewed on appeal.

APPEAL from the District Court of the Second Judicial District, in and for the County of Clearwater. Hon. Edgar C. Steele, Judge.

Action to set aside the action of the board of county commissioners in the creation of School District No. 34 in said county. Judgment for the defendants. *Affirmed.*

G. W. Tannahill, for Appellants.

This court has implied, in the case of *First Nat. Bk. v. Washington County,* 17 Ida. 306, 105 Pac. 1053, that a writ of review would lie if the action of a board of county commis- -sioners was wholly without jurisdiction. (See, also, *McConnell v. State Board,* 11 Ida. 652, 83 Pac. 494; *Heitman v. Morgan, Judge,* 10 Ida. 562, 79 Pac. 225; *Sweeney v. Mayhew, Judge,* 6 Ida. 455, 56 Pac. 85; *Murphy v. Board of Equalization,* 6 Ida. 745, 59 Pac. 715.)

"The character of the act or determination sought to be reviewed, rather than of the tribunal or officer by which the act or determination is made, is the test for determining whether the writ should be issued, for it is only a determination which is made 'when exercising judicial functions' that can be reviewed." (*Quinchard v. Board of Trustees,* 113 Cal. 664, 668, 45 Pac. 856, 857.)

"Only inquiry is whether tribunal or body regularly pursued its authority and did not exceed its jurisdiction, and beyond that proceeding does not authorize an inquiry." (*People ex rel. Lamby v. Dwinelle,* 29 Cal. 632, 635.)

The case at bar is in many respects analogous to the case of *Wood v. Independent School Dist. No. 2,* 21 Ida. 734, 124 Pac. 780. (See, also, *Bowen v. King,* 34 Vt. 156; *Whitmire v. State ex rel. Vaughan* (Tex. Civ. App.), 47 S. W. 293; *State v. Browning;* 28 N. J. L. 556; *Nicklaus v. Goodspeed,* 56 Or. 184, 108 Pac. 136.)

Allen A. Holsclaw, for Respondents.

Every act, order and proceeding of the board of county commissioners is appealable, except that no appeal lies from the order of the board sitting as a board of equalization. (*General Custer Min. Co. v. Van Camp,* 2 Ida. 40, (44), 3 Pac. 22; *Feltham v. Board Commissioners,* 10 Ida. 182, 77 Pac. 332, 433; *School Dist. No. 25 v. Rice,* 11 Ida. 99, 81 Pac. 155.)

When the statute provides a plain, speedy and adequate remedy, it must be pursued. (*Picotte v. Watt, County Treas.,* 3 Ida. 447, 31 Pac. 805.)

Writ of review does not lie from the action of a board of county commissioners, the statutes having provided a speedy and adequate remedy by appeal. (*Rogers v. Hays,* 3 Ida. 597, 32 Pac. 259; *Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257; *Coeur d'Alene Min. Co. v. Woods,* 15 Ida. 26, 96 Pac. 210.)

The joint school district in question must be ranked and classified with the common school districts, and in the absence of express statutory legislation to the contrary must be governed by the laws controlling and governing the common school districts. (*Wood v. Independent School Dist. No. 2,* 21 Ida. 734, 124 Pac. 780.)

SULLIVAN, J.—This action was brought in the district court of the second judicial district in and for the county of Clearwater for a writ of review, requiring the board of county commissioners of Clearwater county to certify fully to the court a transcript of the record and proceedings of said board, whereby said board organized School District No. 34 of Clearwater county out of that portion of Joint School District No. 18 lying within the county of Clearwater, and other territory,

and segregating therefrom all the territory lying and being within the boundaries of Nez Perce county, in order that the action of the board might be reviewed by said district court.

Upon said complaint the district court issued the alternative writ of review and the defendants, the board of county commissioners of Clearwater county, appeared and demurred to said complaint, and the demurrer was sustained and the plaintiffs refused to amend their complaint and judgment of dismissal was entered. This appeal is from the judgment.

The following facts appear from the record: In the creation of Clearwater county out of a portion of Nez Perce county, the boundary line separating the two counties divided School District No. 118, which was at the time of the creation of Clearwater county a school district within Nez Perce county. Thereafter, by mutual agreement of the school superintendents of the two counties, the name and number of said school district was changed from School District No. 118 to Joint School District No. 18 in Nez Perce and Clearwater counties, but no change in the boundaries of said district was made. Thereafter on May 31, 1912, there was filed with the defendant board a petition for the creation of a common school district out of that portion of Joint School District No. 18 then lying within the boundaries of Clearwater county, entirely segregating therefrom all that portion of said Joint School District No. 18 then lying within the boundaries of Nez Perce county. Thereafter further proceedings were had and a petition and remonstrance were filed with the board of county commissioners for and against the creation of said district, and at a regular meeting of said board held on July 12, 1912, the petition was granted and School District No. 34 in Clearwater county was created by said board out of the portion of said Joint School District No. 18 lying within Clearwater county and other territory. No appeal was taken from said order and this action was brought in the district court on the 23d day of December, 1912, nearly six months after the county commissioners made the order creating said school district. The defendant board of Clearwater county appeared and demurred to the complaint and the demurrer was sustained.

The main question presented for determination in this case is whether the board of county commissioners of Clearwater county had jurisdiction or authority to create said school district. If the county commissioners had authority to act in the matter, then the judgment of the district court must be affirmed.

The board clearly has the authority and power to create new districts or change the boundaries of existing districts. (Laws 1911, p. 500.) Sec. 1950, Rev. Codes, provides that "Any time within twenty days after the first publication or posting of the statement [of the proceedings of the board of county commissioners], as required by paragraph 19 of section 1917, an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county," etc. By said provision an appeal may be taken from any order or proceeding of the board of county commissioners and this court has held that every act, order or proceeding of the board of county commissioners is appealable except an order of such board made while sitting as a board of equalization. (*General Custer Min. Co. v. Van Camp,* 2 Ida. 40 (44), 3 Pac. 22; *Feltham v. Board of Commrs.,* 10 Ida. 182, 77 Pac. 332; *Humbird Lumber Co. v. Morgan, Judge,* 10 Ida. 327, 77 Pac. 433; *School Dist. No. 25 v. Rice,* 11 Ida. 99, 81 Pac. 155.)

A person aggrieved by an order of the board of county commissioners establishing a school district should appeal from such order, and cannot attack the order for want of jurisdiction of the commissioners to make the same in a collateral proceeding. Under the provisions of sec. 4962, Rev. Codes, the writ of review cannot be granted where there is an appeal or in the judgment of the court any plain, speedy or adequate remedy. Writs of review do not lie from the action of a board of county commissioners creating a new school district since the statute has provided a plain, speedy and adequate remedy by appeal. (*Rogers v. Hays,* 3 Ida. 597, 32 Pac. 259; *Canadian Bank of Commerce v. Fremont Wood, Judge,* 13 Ida. 794, 93 Pac. 257; *Coeur d'Alene Min. Co. v. Woods, Judge,* 15 Ida. 26, 96 Pac. 210.)

Since the appellants had a plain, speedy and adequate remedy at law, they were not entitled to a writ of review and the judgment of the district court must therefore be affirmed and it is so ordered, with costs of this appeal in favor of the respondents.

Ailshie, C. J., and Stewart, J., concur.