474 P.2d 244

**OREGON SHORTLINE RAILROAD COM-PANY, a corporation, and Union Pacific Railroad Company, a corporation, Plain-tiffs-Respondents,**

v.

**CITY OF CHUBBUCK, a municipal corpo-ration, Defendant-Appellant.**

**No. 10487.**

Supreme Court of Idaho.

Aug. 21, 1970.

Rehearing Denied Oct. 1, 1970.

Herman McDevitt and Warren S. Der-bidge, Pocatello, for defendant-appellant.

D. A. Bybee, Pocatello, for plaintiffs-respondents.

Howard I. Manweiler, Boise, amicus curiae.

SHEPARD, Justice.

The Union Pacific Railroad Company operates railroad trains over right of way owned by the Oregon Shortline Railroad Company. That portion of the right of way

involved herein runs for approximately one mile through territory comprising the city limits of Chubbuck, Idaho. In addition, the Oregon Shortline also owns a parcel of land 50 feet wide and 435 feet long immediately adjacent to the railroad right of way.

In the year 1956 and again in 1959, the city of Chubbuck attempted to annex the aforesaid railroad property. Such attempts were unsuccessful because of the lack of statutory grounds for annexation. Oregon Short Line Railroad Co. v. Village of Chubbuck, 83 Idaho 62, 357 P.2d 1101 (1960).

In 1967, I.C. § 50–222 (previously I.C. § 50–303) was amended to add a new provision relating to the annexation of railroad property.

"50–222. *Annexation of adjacent territory.*—Whenever any land lying contiguous or adjacent to any city in the state of Idaho, or to any addition or extension thereof, shall be or shall have been by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescence, laid off into lots or blocks containing not more than five (5) acres of land each, whether the same shall have been or shall be laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor or any person by or with his authority, has sold or begun to sell of such contiguous or adjacent lands by metes and bounds in tracts not exceeding five (5) acres or whenever the owner or proprietor or any person by or with his authority requests annexation in writing to the council, it shall be competent for the council, by ordinance, to declare the same, by proper legal description thereof, a part of such city. *Railroad right of way property may be annexed when property within the city adjoins both sides of the right of way notwithstanding any other provision of this section. Provided that the city may annex only those areas which can be reasonably*

*assumed to be used for orderly development of the city.* Provided further, that said council shall not have the power to declare such land, lots or blocks a part of said city, if they will be connected to such city only by a shoe string or strip of land upon a public highway." (Emphasis added)

On December 29, 1967, as a result of the amendment to the statute, Ordinance No. 74 was passed by the city of Chubbuck again attempting to annex the above mentioned railroad property. Respondent railroads brought this action seeking to have the ordinance declared void. The trial court found that the railroad right of way could not reasonably be assumed to be necessary for the orderly development of the city as required by I.C. § 50–222, and the trial court declared Ordinance No. 74 to be void. From that decision appellant city of Chubbuck appeals and for the reasons hereinafter discussed we reverse the decision of the trial court.

█ It is clear from I.C. § 50–222 that the only restrictions on the annexation of railroad property are that it must be reasonably assumed to be necessary for orderly city development and that it must be land connected to the city by more than just a "shoe string or strip of land upon a public highway." There is no contention herein that the property is so connected to the city. Therefore, the only ground for declaring the ordinance void is that the annexation cannot reasonably be assumed to be for the orderly development of the city.

We note initially that a duly enacted municipal ordinance is deemed valid, State v. Clark, 88 Idaho 365, 399 P.2d 955 (1965); White v. City of Twin Falls, 81 Idaho 176, 338 P.2d 778 (1959); City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680 (1956), and the burden of proving otherwise is upon the party attacking the ordinance. Hendricks v. City of Nampa, 93 Idaho 95, 456 P.2d 262 (1969); Boise City v. Better Homes, Inc., 72 Idaho 441, 243 P.2d 303 (1952).

We have said as recently as Hendricks v. City of Nampa, supra:

"When an annexation ordinance is attacked * * *, if the complaining party comes forward with satisfactory, substantial competent evidence to show [in this case that the railroad land could not be reasonably assumed to be used and necessary for the orderly development of the city] * * * then such party will have satisfied the burden of coming forward with sufficient evidence to rebut the presumption of validity. * * * The ultimate burden of persuasion that the ordinance is invalid, of course, would remain with the person attacking the ordinance."

■ It was therefore incumbent upon the railroads to produce proof that the annexation was not necessary for the orderly development of the city. There is no evidence in the record before us showing or attempting to show that the annexation is unnecessary or bears no reasonable relation to orderly city development of Chubbuck. The record is replete with evidence that the railroads do not need the municipality and that the functions of the railroads have not changed in any substantial regard since the last attempted annexation in 1959. There is, however, no proof and indeed no discussion as to whether the city needs to annex the railroad land in pursuit of an orderly development of the city. Respondent railroads have thus failed to carry their burden of proof and the presumption of the validity of the duly enacted municipal ordinance continues to prevail.

■■ Respondent argues that the findings and judgment of the court in the 1960 case are res judicata since the same parties and issues were before the court in 1960. We hold that the issues before the court in the instant action are not identical since the controlling statute is substantially different as compared with the one under consideration in 1960. Also, the record contains ample evidence that the city of Chubbuck has changed substantially since the 1960 litigation between these parties and we take judicial notice of the 84.1 per cent increase in population which has been sustained by the city of Chubbuck since 1960.[1]

■ Respondent further contends that the ordinance is void because of a failure of the description of the property to be annexed as contained in Ordinance No. 74. Although such contention was raised in plaintiffs' complaint, such contention did not result in either a finding of fact or conclusion of law by the trial court. Appellant's assignments of error do not raise this matter and no cross-appeal has been taken by the respondents suggesting the lack of such findings or conclusions as being error by the trial court. Hence, the matter is not before this Court for decision.

■ Respondents finally contend that I.C. § 50–222 violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and §§ 1 and 2 of Art. 1 of the Constitution of the State of Idaho. We note only that these issues were not raised by the pleadings nor were they argued or decided in the trial court and we will not now consider them for the first time on appeal. Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968); Christensen v. Stuchlik, 91 Idaho 504, 427 P.2d 278 (1967); State v. Goodmiller, 86 Idaho 233, 386 P.2d 365 (1963).

The judgment of the trial court is reversed. Costs to appellant.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.

1. Preliminary report of the 1970 population count, U.S. Census Bureau, July 18, 1970.