520 P.2d 247

**Jack E. FRANDEN, Appellant,**

v.

**Marjorie JONASSON, as Treasurer and Tax Collector of Ada County, State of Idaho, and Virgil T. King, as Assessor of Ada County, State of Idaho, Respondents.**

**No. 11148.**

Supreme Court of Idaho.

Dec. 20, 1973.

Kraft, Wyman, Carter & Gines, John W. Kraft, Boise, for plaintiff-appellant.

James E. Risch, Ada County Pros. Atty., Simon Spencer Martin, Deputy Pros. Atty., Boise, for defendants-respondents.

SHEPARD, Justice.

This is an action for declaratory judgment brought by plaintiff seeking to have the tax owing on real property determined and apportioned as to various portions of that property. The district court granted defendants' motion to dismiss, and we affirm.

Plaintiff-appellant Jack E. Franden sought to have the district court apportion the 1968, 1969 and 1970 real property taxes as between certain portions of Block 120 of the Boise City Original Townsite. Franden was not the record owner of those lots in question during those years. Appellant's action was founded on the theory that the defendants-respondents Jonasson and King (the treasurer and assessor of Ada County, respectively) violated I.C. § 63–307 in failing to assess taxes on each of the portions of said Block 120. We express no opinion on the merits of the claim since we dispose of the matter on procedural grounds.

The district court dismissed the suit of the plaintiff on the grounds that the court lacked jurisdiction to apportion the taxes and, further, that Franden had failed to exhaust his administrative remedies.

■ Franden's failure to pursue his administrative remedies is dispositive of the appeal. I.C. § 63–2202 authorizes the boards of county commissioners to rectify unlawful or erroneous taxes. Therein it is provided in pertinent part:

"The board of county commissioners may, at any time when in session, cancel taxes which for any lawful reason should not be collected, and may refund to any tax payer any money to which he may be entitled by reason of a double payment of taxes on any property for the same year, or the double assessment or erroneous assessment of property through error, and may refund to the purchaser of any property erroneously sold when it has been determined by the board of county commissioners that such sale is void on account of any irregularity of the taxing officers or that the property purchased has been erroneously sold or the sale thereof invalid, the amount paid by such purchaser to the county on the sale of any such property, with interest thereon from the date of such payment at the rate of six per cent per annum." (Emphasis supplied) I.C. § 63–2202.

In Idaho it is clear that the pursuit of statutory administrative remedies is a condition precedent to judicial process concerning unequal tax assessment. In re Felton's Petition, 79 Idaho 325, 316 P.2d 1064 (1957); Lundy v. Pioneer Irr. Dist., 52 Idaho 683, 19 P.2d 624 (1933). Gorham Manufacturing Co. v. State Tax Commission of New York, 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed. 279 (1924) was an action wherein the company as taxpayer sought to enjoin the collection of a franchise tax. The district court had dismissed the suit because the company had not pursued its administrative remedy with the State Tax Commission and the Supreme Court affirmed. It was stated:

"We are of the opinion, however, that, without reference to these constitutional questions, the bill was properly dismissed by the District Court because of the failure of the Company to avail itself of the administrative remedy provided by the statute for the revision and correction of the tax.

"A taxpayer who does not exhaust the remedy provided before an administra-

tive board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity." 266 U.S. at 269–270, 45 S. Ct. at 81.

That decision was cited with approval in Washburn-Wilson Co. v. Jerome County, 65 Idaho 1, 138 P.2d 978 (1943).

It is clear that Franden had an adequate administrative remedy since the board of county commissioners has plenary power to cancel taxes which for any lawful reason should not be collected. I.C. § 63–2202; Washburn-Wilson Co. v. Jerome County, *supra*. The order of the district court dismissing the action is affirmed. Costs to respondents.

DONALDSON, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.