529 P.2d 779

Armil M. GARNER and Violet Garner, his wife, Plaintiffs-Appellants,

v.

CRATER FARMS, INC., an Idaho Corporation and Milestone, Inc., an Idaho Corporation, Defendants-Respondents.

No. 11331.

Supreme Court of Idaho.

Dec. 20, 1974.

---

1. Hull v. Cartin, 61 Idaho 578, 597, 105 P.2d 196, 205 (1940) (further citations omitted).

**384**

Fred J. Hahn, of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiffs-appellants.

Ben Peterson, of Baum & Peterson, Pocatello, for defendants-respondents.

DONALDSON, Justice.

Plaintiffs-appellants Armil Garner and Violet Garner instituted this action to recover damages for personal injuries sustained by Violet Garner while working in the employment of defendant-respondent Crater Farms, Inc. as operator of a high speed potato seed cutting machine manufactured by defendant-respondent Milestone, Inc.

The action is predicated on theories of negligence and strict liability in tort. Respondent Crater Farms, Inc. entered into a covenant not to execute with the appellants. Respondent Milestone, Inc. answered, generally denying liability and pleading contributory negligence as a complete defense. Milestone then filed motion for partial summary judgment pursuant to Rule 56(b) of the Idaho Rules of Civil Procedure. In support thereof, the respondent submitted an affidavit of Richard F. Williams and depositions of Violet Garner and Ruby Beverland. The appellants submitted affidavits of Violet Garner and K. L. DeVries in opposition. The district court granted respondent's motion for summary judgment and appellants perfected this appeal. For reasons set forth below, we conclude that the district court erred, and that the case should be reversed and remanded for trial on the merits.

On June 16, 1969, the appellant, while working in the employment of Crater Farms, Inc. (a corporate farming business) as operator of a potato seed cutting machine manufactured by Milestone, Inc., suffered serious and permanent injury when her right hand was caught in a pressure roller. The events leading to the injury can be summarized as follows: Mrs. Garner had worked for Crater Farms the three years previous sorting potatoes and working on the potato cutting machine. She had been operating the present machine for three weeks. On the day in question, the crew had been having difficulty with rocks lodging in the upper portion of the machine. It was the appellant's job, generally, to keep the machine running by removing debris from the top of the rollers and manually cutting potatoes that were still too large. It was common practice to remove debris from these upper portions without shutting the machine down.

The appellant had control of the on/off switch. A rock became lodged in the inner portion of the machine between a pressure roller and a conveyor belt. Testimony showed this to be unusual, and the appellant stated that to her knowledge it was the first time a rock had lodged in this position. She initially shut down the machine and tried to remove it. This proving futile, she turned on the machine, and thinking the belt was moving in a direction opposite to actuality, again attempted to dislodge the rock by hand. The above mentioned injury resulted.

In ruling on the issue of strict liability, the district court found as a matter of law that there was nothing dangerous or defective in the design of the machine for its intended use. In addition, the court made a finding of contributory negligence (misuse of product) in holding that what danger existed was obvious to any reasonable, prudent person since that danger was

not hidden and the machine was not complex. While we are in agreement with the district court that the facts at bar clearly establish a case for the application of the doctrine of strict liability, we are unable to find as a matter of law that the facts establish nothing dangerous or defective in design, or that the appellant was contributorily negligent.

■ Summary judgment is properly granted only when the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact. I.R.C.P. Rule 56(c); Fairchild v. Olsen, Idaho, 528 P.2d 900 (1974); Schaefer v. Elswood Trailer Sales, 95 Idaho 654, 655, 516 P.2d 1168 (1973); Turner v. Mendenhall, 95 Idaho 426, 428, 510 P.2d 490 (1973); Straley v. Idaho Nuclear Corp., 94 Idaho 917, 918, 500 P.2d 218 (1972); Bryan and Co. v. Kieckbusch, 94 Idaho 116, 119, 482 P.2d 91 (1971); D & M Development Co. v. Sherwood and Roberts, Inc., 93 Idaho 200, 204, 457 P.2d 439 (1969); Crane v. Banner, Inc., 93 Idaho 69, 72, 455 P.2d 313 (1969). In determining whether an issue of material fact is in dispute, facts should be liberally construed in favor of the party against whom summary judgment is sought. City of Weippe v. Yarno and Associates, Idaho, 528 P.2d 201 (1974); Fairchild v. Olsen, *supra*; Schaefer v. Elswood Trailer Sales, *supra*; Straley v. Idaho Nuclear Corp., *supra*; Crane v. Banner, *supra*, 93 Idaho at 73, 455 P.2d 313. In fact, this Court has held that a trial court must accept as true, fact allegations contained in an opposing party's affidavit. Christiansen v. Rumsey, 91 Idaho 684, 686, 429 P.2d 416 (1967); Sutton v. Brown, 85 Idaho 104, 109, 375 P.2d 990 (1962). Clearly, summary judgment is improper where a conflict in affidavits exists. Fairchild v. Olsen, *supra*; Straley v. Idaho Nuclear Corporation, *supra*; Hansen v. Howard O. Miller, Inc., 93 Idaho 314, 317, 460 P.2d 739 (1969); Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 414, 353 P.2d 657 (1960).

■ The affidavit of K. L. DeVries, offered by the appellants in opposition to respondent's motion, placed in issue factual questions concerning faulty design of the machine, i. e. failure to provide safe equipment for removal of rocks, failure to provide safe reverse gear, failure to provide warnings to operators working around the equipment, failure to provide safety guards and safe shutoffs, and failure to provide operational manuals—all of which could be economically supplied.

The affidavit of Violet Garner placed in issue the factual question of contributory negligence (misuse of product). Testimony showed that the rock lodged in a portion of the machine unfamiliar to the appellant. In addition, testimony showed that she believed the conveyer belt in question to be running opposite its actual direction.

In Shields v. Morton Chemical Co., 95 Idaho 674, 518 P.2d 857 (1974), this Court stated:

"[I]t is generally agreed that contributory negligence in the sense of misuse of the product, or in the sense of voluntarily and unreasonably proceeding in the face of a known danger are good defenses to strict liability." 95 Idaho at 677, 518 P.2d at 860.

*See also*, Otto v. Mel, 94 Idaho 109, 110, 482 P.2d 84 (1971); Williams v. Collett, 80 Idaho 462, 466, 332 P.2d 1032 (1958).

We further stated in Rindlisbaker v. Wilson, 95 Idaho 752, 519 P.2d 421 (1974) that failure to warn, as a basis for products liability, is limited to situations wherein the danger is not obvious.

Clearly, the facts at bar do not meet the above test. Contributory negligence is generally a question of fact for the jury and becomes one of law when the evidence is only susceptible to the interpretation that the plaintiff voluntarily proceeded in the face of a known obvious danger.

This Court must examine closely any decision which impinges upon the fact finding function of the jury. In light of the rules set forth above, we conclude that the

trial court erred in granting respondent's motion for partial summary judgment.

Summary judgment is reversed and cause remanded for trial on the merits. Costs to appellants.

SHEPARD, C. J., and McQUADE, BAKES and McFADDEN, JJ., concur.