530 P.2d 938

**ED SPARKS & SONS, a sole proprietorship, Plaintiff-Appellant,**

v.

**JOE CAMPBELL CONSTRUCTION COMPANY, an Idaho Corporation, and Fireman's Fund American Insurance Company, Defendants-Respondents.**

**No. 11615.**

Supreme Court of Idaho.

Dec. 26, 1974.

Rehearing Denied Jan. 30, 1975.

Robert C. Huntley, Jr., of Racine, Huntley & Olson, Pocatello, for plaintiff-appellant.

R. Don Bistline, Pocatello, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal from a summary judgment granted in favor of the defendant in a construction contract case. Plaintiff complained that it had performed certain construction work as a subcontractor under an agreement with the defendant and that defendant had failed to pay plaintiff the total agreed upon sum. Defendant answered contending that the agreement had been reduced to writing and that plaintiff had failed to perform all the work required of the plaintiff under the written contract. The district court granted summary judgment to the defendant on the basis that the agreement was set forth in the written contract and the court could not remake the contract for the parties.

In 1973 defendant-respondent Campbell, in response to a solicitation for bids, submitted the low bid and was awarded a contract for a construction project on the campus of Idaho State University. That contract required the demolition of a building, the removal of debris, the construction of concrete curb and gutter and sidewalks, and an asphalt parking lot. Plaintiff-appellant Sparks agreed with Campbell to subcontract a portion of that work. The instant controversy involves the amount of work for which Sparks contracted.

Sparks contends that the parties agreed that Sparks was to perform the demolition and removal of debris work for $21,079. This Campbell denies, pointing to a written contract executed by the parties requiring Sparks to do all of the work "except the blacktopping." Sparks contends that the written contract does not express the agreement arrived at between the parties.

At the heart of this controversy is the required concrete work. Sparks failed to complete the concrete work whereupon Campbell hired another to do the concrete work and refused to pay Sparks the $21,079 set forth in the written contract. Following the institution of suit by Sparks against Campbell and Fireman's Fund [the obligor on Campbell's payment bond] Campbell paid Sparks $11,613.75, being essentially the difference between $21,079, and the cost of the concrete work.

The only substantial question in this cause is whether there existed genuine issues of material facts which made the entry of summary judgment improper. In its complaint, Sparks alleged the existence of an agreement between the parties for the payment of certain moneys upon the performance of certain work. It alleged the performance of the work and the nonpayment of the money. Defendant, on the other hand, alleged the existence of a written contract and the failure of the plaintiff to perform the work required of it under the contract. Although Sparks did not specifically plead for reformation of the written contract, such was argued in the lower court and here upon appeal.

█ We need not decide questions of the validity of an oral contract and subsequent merger into a written contract inasmuch as this case has been argued here as one for reformation and upon that theory the decision is based.

We note that IRCP 54(c) provides:

* * *

"Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

In this matter neither the trial judge nor we upon appeal are restricted to a consideration of the pleadings. Here extensive affidavits, and depositions were submitted prior to the granting of summary judgment herein. At this stage all facts must be liberally construed in favor of Sparks and all doubts resolved in his favor. Schaefer v. Elswood Trailer Sales, 95 Idaho 654, 516 P.2d 1168 (1973). Summary judgment may be properly rendered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * * *." IRCP 56(c).

This court has most recently said in Collins v. Parkinson, 96 Idaho 294, 527 P.2d 1252 (1974):

"Idaho courts have long recognized reformation of instruments to be a proper remedy, given the necessary circumstances. [citations] In utilizing the remedy, the court is not making a new contract, but rather enforcing the agreement the parties would have made but for the mistake. [citations] Therefore a court is acting properly in reforming an instrument when it appears from the evidence * * * that the instrument does not reflect the intention of the parties and that such failure is the product of a *mutual mistake*, a mistake on the part of all parties to the instrument." (Emphasis supplied)

■ It is clear herein that a genuine issue of material fact existed and therefore summary judgment was improper. The documents before the trial court clearly indicate Sparks' contention of a mutual mistake supported at least by some evidence. Sparks as the party alleging the mistake has the burden of proving it by clear and satisfactory evidence, Metropolitan Life Ins. Co. v. McClelland, 57 Idaho 139, 63 P.2d 657 (1936), Collins v. Parkinson, *supra,* nevertheless parol evidence is admissible to show a mutual mistake. Bilbao v. Krettinger, 91 Idaho 69, 415 P.2d 712 (1966). The fact that Campbell hotly denies any mutual mistake and asserts that the written contract sets forth the rights and duties of the parties merely emphasizes the existence of a genuine issue of material fact and the error in the granting of summary judgment herein. The evidentiary difficulties which will undoubtedly confront Sparks at trial are not before us at this time. The resolution of the issue of mutual mistake, together with the evidentiary rulings, the quantum of evidence, the credibility of witnesses and inferences to be drawn from the evidence are all for resolution at trial. IRCP 56(c); Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969).

The Court has considered appellant's other assignments of error and finds them to be without merit.

Summary judgment entered by the trial court is reversed and the case is remanded for further proceedings consistent herewith. Costs to appellant.

DONALDSON, McQUADE and BAKES, JJ., concur.