538 P.2d 1190

Roy Estel FAJEN, Plaintiff-Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Defendant-Respondent.

No. 11772.

Supreme Court of Idaho.

Aug. 6, 1975.

Rehearing Denied Sept. 4, 1975.

Lloyd J. Webb, of Webb, Pike, Burton & Carlson, Twin Falls, for plaintiff-appellant.

Craig Marcus, of Marcus & Marcus, Boise, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment in favor of a defendant insurance carrier and against a plaintiff named as insured in the policy. The sole issue presented is the entry of summary judgment based on the "other insurance" defense advanced by the insurance carrier. We reverse.

On April 4, 1970 in the State of Nevada a Chevrolet automobile driven by one Billy Sublette collided with a Mercedes automobile driven by Wanda Fajen and this action resulted. The collision resulted in injuries to Mrs. Fajen and her passenger Lucille Smith. Roy Fajen was not involved directly in the accident. He was driving a Mercury automobile owned by his father-in-law and following the Mercedes driven by his wife when he observed the collision between the Chevrolet and the Mercedes. He stopped the Mercury, got out and went to the assistance of his wife, and it is alleged that he sustained injures to his back as he was assisting in lifting the Mercedes automobile to free his wife.

Sublette, the driver of the Chevrolet, was uninsured but the owner, one Nelda McCallister, was covered by Foundation Reserve Insurance Company. Foundation Reserve paid for the injuries to the occupants of the Mercedes but allegedly has failed and refused to compensate Fajen for his injuries. Fajen was the named insured in a policy issued by respondent Allstate on the Mercedes. S. B. Smith, Fajen's father-in-law, was the named insured in a policy issued by Allied Mutual Insurance Company on the Mercury.

This suit was instituted by Fajen against Allstate to recover for his injuries under the uninsured motorists provision of the Allstate policy. Upon earlier motions the trial court correctly denied summary judgment on respondent's theory of uninsured motorists, a release of claim in violation of terms of the policy and the non-applicability of the rescue doctrine. Respondent seeks to raise these and other theories which tend to support the trial court's summary judgment above and beyond its specific ruling of "other insurance" as a basis therefor. All of said arguments are at least susceptible to the rule that controverted facts may not be resolved at the summary judgment stage and thus will not be considered.

In its memorandum of decision the trial court wisely noted that the record did not contain a copy of the Allstate policy except the uninsured motorist provisions thereof. The court stated therein:

"In fairness to me and the appellate court, I think a copy of the Allstate policy should appear in the record, and I trust that counsel will rectify this omission. If there are any covenants in the Allstate policy which have not been furnished me and that counsel believe would change or affect this decision, I suggest counsel point them out in a written brief * * *"

This defect in the record has not to this day been remedied. Hence this court is unable to determine what appears to be a basic question, (even assuming that the Chevrolet was an uninsured automobile) i. e., if the Allstate policy provides coverage for Fajen in the instant circumstances.

We now turn to consideration of the "other insurance" upon which the trial court based its award of summary judgment to defendant-respondent. It is contended that the Allied Mutual policy on the Mercury automobile owned by S. B. Smith, father-in-law of Fajen, permitted recovery for Fajen's injury. For Fajen to recover, he must have been an insured within the terms of that policy at the time he suffered his injury. The pertinent provision of the Allied Mutual policy defines an insured as "(a) the named insured and any relative; (b) any other person while *occupying* an insured automobile * * *" (Emphasis supplied) That policy further defines "relative" as a "relative of the named insured [S. B. Smith] who is a resident of the same household." There is no claim or argument that Fajen was a member of Smith's household. It will be remembered that Fajen was not involved in the accident but merely observed it. He stopped the Mercury and left it to go to the assistance of his wife in the Mercedes. We therefore hold that Fajen was not an "occupant" of the Mercury in that he was not, in the terms of the Allied policy defining "occupant," "in or upon or entering into or alighting from" the Mercury.

We deem *Nelson v. Iowa Mutual Insurance Company,* 515 P.2d 362 (Mont.1973) to be clearly distinguishable from the case at bar. In *Nelson* in which the plaintiff was deemed to be an occupant, the driver of an automobile suffered a single car accident and thereafter alighted from her car in freezing weather, walked and crawled away from and then back toward the car. She died before getting back to the car "as a consequence of the injury to the ankle, blood loss, shock and cold temperatures."

We deem the question posed here of "other insurance" distinguishable from those cases involving questions of double recovery. *See* 28 A.L.R.3d, 551. *See also Medical-Dental Service, Inc. v. Boroo,* 92 Idaho 328, 442 P.2d 738 (1968).

The case is reversed and remanded with directions to the trial court to proceed to trial. Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.