**V–I OIL COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Ralph E. LACY, Bannock County Assessor, and State Tax Commission, State of Idaho, Defendants-Respondents.**

No. 11798.

Supreme Court of Idaho.

Feb. 23, 1976.

Rehearing Denied March 25, 1976.

E. W. Pike, Albaugh, Smith & Pike, Idaho Falls, for plaintiff-appellant.

Garth S. Pincock, Bannock County Prosecuting Attorney, Pocatello, for Ralph E. Lacy, defendant-respondent.

Ted Spangler, Asst. Atty. Gen., Boise, for State Tax Commission, defendant-respondent.

McQUADE, Chief Justice.

Plaintiff-appellant, V–1 Oil Company (hereinafter appellant), an Idaho corporation with its principal place of business in Bonneville County, owned real and personal property in Bannock County which it used for the business of a retail gasoline service station. In 1972 appellant filed with defendant-respondent Ralph E. Lacy (hereinafter respondent), Bannock County Assessor, a taxpayer's personal property declaration form on which appellant listed

its personal property as "unknown." Respondent made the 1972 valuation on the basis of a personal property list drawn up by a deputy assessor who viewed appellant's business premises.

In 1973 appellant filed a taxpayer's declaration form on which appellant stated: "[E]xisting personal property depreciated 10%. No increase." Following requests by respondent that appellant sign and satisfactorily complete a taxpayer declaration form, which appellant declined to do, respondent sent a deputy assessor to appellant's business to prepare a new personal property list. The deputy assessor, who had drawn up the personal property list for appellant's 1972 valuation, was denied access to appellant's property. Before he was ordered to leave, the deputy assessor noted items of personal property in addition to those he knew to be on the 1972 list. Respondent then made what he labeled an "arbitrary assessment" for 1973 by multiplying the 1972 valuation of appellant's personal property by a penalty factor of three.

Thereafter appellant filed this action for declaratory judgment against respondent and the Idaho State Tax Commission. Appellant sought to have its 1973 valuation declared void; to have respondent ordered to assess the property at its fair market value; and to have the regulations of the State Tax Commission declared void for failure to comply with statutory requirements. At the suggestion of the district court, the motions to dismiss filed by respondent and the State Tax Commission were treated as motions for summary judgment upon supplementation of the record by affidavits and briefs. The district court entered summary judgment for respondent and the State Tax Commission, and appellant brought this appeal.

■ Appellant's sole assignment of error on appeal is that the district court erred in granting summary judgment because the record discloses that respondent did not comply with statutory requirements in assessing appellant's personal property for 1973. No assignment of error is made with respect to the granting of summary judgment against appellant in favor of the State Tax Commission on appellant's claim that the Commission's regulations were void. Appellant has neither cited authority nor made argument in its brief upon this question. For these reasons we do not review that part of the district court's decision granting summary judgment in favor of the State Tax Commission.[1]

Appellant contends it was proper to bring an original action for declaratory judgment in district court and that it had no administrative remedies available to it. Appellant argues the 1973 valuation was made under Idaho Code § 63–207 (as in effect prior to the 1975 amendment) which appellant submits left it without an administrative remedy because § 63–207 prohibited the board of equalization from reducing any assessment made pursuant to the section. The thrust of appellant's argument is that respondent made the arbitrary 1973 valuation without statutory authority and in a capricious manner.

On the other hand, respondent asserts the 1973 valuation was made pursuant to his "best judgment and information" as authorized by §§ 63–208, 209, 1203 and 1210, Idaho Code (as in effect in 1973). The affidavit of respondent and that of his deputy assessor reveal that the 1973 valuation was made after the deputy assessor noted "several items of personal property that I knew were not on the 1972 list I had prepared the previous year; those items included a chest type freezer, a large propane tank, and a R.C. pop machine. I am confident that there was considerably more of that type of property which I was not

1. See *Oregon Shortline Railroad Co. v. City of Chubbuck*, 93 Idaho 815, 817, 474 P.2d 244, 246 (1970); *M. & I. Timber Co. v. Hope Silver-Lead Mines, Inc.*, 91 Idaho 638, 643–44, 428 P.2d 955, 960 (1967); *State ex rel. Haworth v. Berntsen*, 68 Idaho 539, 547, 200 P.2d 1007, 1011 (1948); *Coeur D'Alenes Lead Co. v. Kingsbury*, 56 Idaho 475, 483, 55 P.2d 1307, 1310 (1936).

able to observe in the short period of time that I had." (Affidavit of Reid Redington, Deputy Assessor, Bannock County, Clerk's Tran., p. 31.) On this basis respondent determined that appellant's 1973 valuation should be arbitrarily set at a value three times that of the 1972 valuation.

The record before this Court does not reveal what assessed value the respondent placed upon the freezer, propane tank and the pop machine. Nor are there any indications of what other property, if any, was included in the 1973 valuation and at what values such property was assessed by the respondent. Thus we find no basis in the record for concluding that respondent made the disputed 1973 valuation according to his "best judgment and information."

■ Although respondent denied in his affidavit that the 1973 assessment was a treble assessment, in our opinion the actions of the respondent appear to partake more of the qualities of an arbitrary treble assessment contemplated by I.C. § 63–207, rather than a "best judgment and information" assessment described in I.C. §§ 63–208, and 209. I.C. § 63–207 provides:

"Subsequent assessment of property concealed.—Any property wilfully concealed, removed, transferred, misrepresented, or *not listed by the owner, or the agent or representative of the owner*, to evade taxation for the current year, or in any preceding year or years, *must upon discovery be assessed at three times its value* for each year such property has escaped assessment, and the assessment so made must not be reduced by the board of county commissioners." (Emphasis supplied.)

Appellant did not list any property on its 1973 taxpayer declaration form, and when respondent "discovered" property owned by appellant in addition to that assessed in 1972, respondent made the 1973 assessment at three times the value fixed for the 1972 assessment. With adjustments for depreciation of the property assessed in 1972, the 1973 figure (representing the 1972 property plus the newly discovered property) approximates an assessment of all of appellant's personal property at three times its value for 1973. Respondent cannot seriously be contending that according to his "best judgment and information" appellant's personal property tripled in value between 1972 and 1973. Therefore we conclude that respondent made the 1973 assessment pursuant to I.C. § 63–207, and its provisions control. The 1973 assessment thus could not have been reduced by the board of county commissioners, and there was no failure to exhaust an administrative remedy which was not available to the appellant.[2]

■ For the above reasons appellant was without any administrative remedies and correctly brought its action for declaratory judgment in district court. The district court erred, however, in granting summary judgment on the ground there were no genuine issues of material fact. As we have indicated, the record leaves open questions as to the fair market values at which specific items of appellant's personal property were assessed, and as to the statutory authorization for respondent's procedure in assessing appellant's personal property. These material issues of fact remain to be determined.[3]

Accordingly, the judgment of the district court granting respondent summary

2. *Cf. Franden v. Jonasson*, 95 Idaho 792, 520 P.2d 247 (1973); *Grever v. Idaho Telephone Co.*, 94 Idaho 900, 499 P.2d 1256 (1972).

3. I.R.C.P. 56(c); *Fajen v. Allstate Insurance Company*, 96 Idaho 886, 887, 538 P.2d 1190, 1191 (1975); *Ed Sparks & Sons v. Joe Campbell Construction Co.*, 96 Idaho 454, 455–56, 530 P.2d 938, 939–40 (1974); *Vance v. Connell*, 96 Idaho 417, 420, 529 P.2d 1289, 1292 (1974); *Garner v. Crater Farms, Inc.*, 96 Idaho 383, 385, 529 P.2d 779, 781 (1974), and cases cited therein.

judgment is *reversed* and the case is *remanded* for further proceedings.

No costs allowed.

DONALDSON and BAKES, JJ., concur.

McFADDEN, Justice (dissenting).

The basis of the majority opinion is simply that appellant is without any administrative remedies and hence could bring his action for declaratory judgment in district court. It is my conclusion that this determination is incorrect, and the summary judgment should be affirmed.

In the first place, the majority opinion recites that "respondent then made what he labeled an 'arbitrary assessment' for 1973 by multiplying the 1972 valuation of appellant's personal property by a *penalty* factor of three." Nowhere in the record does it appear that respondent Lacy ever denominated his assessment a "penalty" or that he was applying any "penalty" in his assessment of this property. In his affidavit he stated:

"The Taxpayer—V–1 Oil Company—had so completely blocked any way the Assessor had to make a correct assessment that he was obliged to estimate the Market Value of the personal property owned by V–1 Oil Co. in Bannock County. This he did by multiplying the 1972 assessed market value by three. This should not be confused as being a three times assessment of the 1973 personal property list, because there was no 1973 list, and the assessor used his best judgment and information to make an assessment he considered to be fair and equitable."

The legislature has provided a series of steps to be taken by an aggrieved taxpayer in order that relief may be granted for an excessive or improper assessment of property. The board of county commissioners of each county meets as a board of equalization at least once every month of the year up to the fourth Monday of June to equalize the assessment of property. I.C. tion is required to enforce proper assess- § 63–401. The county board of equalization is required to enforce proper assessment, raising or lowering the assessment of any property not lawfully assessed. I.C. § 63–402. A taxpayer who feels aggrieved by the decision of the board of equalization may appeal such decision to the board of tax appeals. I.C. § 63–2210. Then, if still dissatisfied, the taxpayer may appeal from the board of tax appeals to the district court. I.C. § 63–3812.

It is the conclusion of the majority that appellant was without administrative remedies because the respondent assessor did not follow the provisions of I.C. §§ 63–207, 63–210 or 63–405. In regard to I.C. § 63–207, the affidavit of the assessor, which is not controverted, disclaims any contention that the assessor was acting under authority of that provision, and hence the provision contained therein that any assessment pursuant to that provision "must not be reduced by the board of county commissioners" is totally inapplicable.

I.C. § 63–210 requires the assessor to note on the assessment roll[1] all cases where the owner, agent or other person was absent, or a non resident, and all cases where any person has refused to answer questions, or any cases where the owner, agent or other person has concealed, removed or failed to list his property for the purpose of evading taxation. In the event such a notation is made by the assessor upon the assessment roll, then the provisions of I.C. § 63–405 come into play. That latter section provides, in effect, that in the event of such a notation mentioned in I.C. § 63–

[1]. The assessment roll, a listing and valuation of all real and personal property wherein the tax is a lien upon real property between the second Monday of January and the fourth Monday of June (I.C. § 63–306), is submitted under oath to the clerk of the board of county commissioners, before the fourth Monday of June each year.

472

210 the board of county commissioners shall make no reduction in the assessment, "unless it be shown to the satisfaction of the said board that such notation by the assessor is erroneous or false." The board of county commissioners sitting as a board of equalization is required to examine the assessments and raise or lower those which in their judgment were not lawfully assessed, and determine all complaints in regard to the cash or assessed value except as may be prohibited. I.C. § 63–402.

Nothing appears in the record that the assessor made any notation on the assessment roll, as contemplated by I.C. § 63–210, which would in any way bar the board of equalization from considering any objections that may have been submitted by appellant in this case.

This court has repeatedly held that ordinarily an aggrieved taxpayer must exhaust his administrative remedies before he can seek relief in the district court. *Bengoechea v. Elmore County,* 23 Idaho 397, 130 P. 459 (1913); *Washburn-Wilson Seed Co. v. Jerome County,* 65 Idaho 1, 138 P.2d 978 (1943); *In re Felton's Petition,* 79 Idaho 325, 316 P.2d 1064 (1957); *Franden v. Jonasson,* 95 Idaho 792, 520 P.2d 247 (1973).

The record further discloses that the assessor prepared the form of taxpayers statement showing the assessment and mailed a copy of it to the appellant, which also gives notice of the meetings of the county commissioners. No issue is raised that the appellant did not receive such copy.

It is my conclusion that the trial court correctly ruled in this case and that appellant, having failed to exercise the administrative remedies available to him in the ordinary course of events by submitting his problem to the board of county commissioners, should not now be heard to complain. *Grever v. Idaho Telephone Co.,* 94 Idaho 900, 499 P.2d 1256 (1972).

SHEPARD, J., concurs.